**CAPLACO ONE, INC., and Hanover Insurance Company, Appellants,**

v.

**AMEREX CORPORATION, Appellee.**

No. 77–1792.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1978.

Decided March 21, 1978.

Louis F. Bonacorsi, Clayton, Mo., Theodore D. Ponfil, Clayton, Mo., on brief, for appellants.

Gerre S. Langton, St. Louis, Mo., Ralph C. Kleinschmidt, St. Louis, Mo., on brief, for appellee.

Before GIBSON, Chief Judge, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

Plaintiffs Caplaco One, Inc. (Caplaco) and Hanover Insurance Company (Hanover) brought this diversity action below for damages sustained as a result of a fire which occurred when a fire extinguisher manufactured by defendant Amerex Corporation failed to operate. Caplaco, the owner of the apartment building which was extensively damaged, and Hanover, the insurance company which paid a claim to Caplaco for restoration of the apartment building, sought recovery on the basis of defendant's alleged negligence in failing to provide adequate warnings to plaintiffs as consumers of defendant's fire extinguisher and on the basis of strict liability. The district court,[1] sitting without a jury, found for defendant Amerex Corporation. This appeal by Caplaco and Hanover followed.

The detailed findings of fact made by the district court can be found in its published opinion at 435 F.Supp. 1116 (E.D.Mo.1977). In summary, the district court found that the fire was ignited by Caplaco's maintenance man while repairing frozen water pipes with an acetylene torch. When he attempted to use the fire extinguisher manufactured by the defendant, it failed to operate. Several weeks earlier the maintenance man had momentarily used the same fire extinguisher. After this momentary use, he noted that the pressure gauge located on top of the extinguisher indicated that it did not need recharging. The day before the fire in question the maintenance man picked up the extinguisher in anticipation of the work he was to do the following day. The pressure gauge was not checked at this time. Furthermore, on the day of the fire the pressure gauge was again not checked. Had the pressure gauge been checked at either time, the maintenance man would have realized that the extinguisher would not work.[2]

---

1. The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri.

2. As the district court properly noted:
   Comment j to Section 402A provides: "Where warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous."
   *Caplaco One, Inc. v. Amerex Corp.*, 435 F.Supp. 1116, 1119 (E.D.Mo.1977).

The expert testimony at trial revealed that a one-second blast from the extinguisher would result in the gauge temporarily indicating that no recharging would be necessary. However, when the extinguisher is used, even after a one-second blast, some particles of the extinguishing agent remain on the surface of the pressure valves and prevent resealing. Within a few hours up to a day, the remaining pressure in the extinguisher would dissipate and the gauge would indicate the need for recharging. Along with the pressure gauge, the words "RECHARGE IMMEDIATELY AFTER USE" are embossed on a metal collar permanently attached to the extinguisher.

The district court held that the pressure gauge serves as a clear descriptive warning as to whether the vessel contains enough pressure to operate. Because the pressure gauge was working and indicated that a recharge was necessary immediately prior to the fire, it was an adequate warning to the user that the extinguisher would not work. The district court therefore held that the extinguisher was not unreasonably dangerous or defective. Accordingly, the court found for the defendant Amerex Corporation.

Appellants stress on this appeal that the pressure gauge attached to the fire extinguisher did not provide adequate warning that a short discharge would result in pressure leakage rendering the extinguisher inoperable. However, they ignore the warning embossed on the collar "RECHARGE IMMEDIATELY AFTER USE."

We have carefully reviewed the record, the briefs and the arguments in this case. We are persuaded that the district court's findings of fact are not clearly erroneous and no error of law appears. We therefore affirm on the basis of the district court's well-reasoned published opinion.

Affirmed.