WILLIAM B. KNAPP *et al.*, Plaintiffs-Appellees, *v.* THE HERTZ CORPORATION, Defendant-Appellant.

First District (2nd Division)    No. 76-1331

Opinion filed April 11, 1978.—Rehearing denied May 12, 1978.

Delbert T. Been, of Chicago (Dent, Hampton & McNeela, of counsel), for appellant.

Calvin Hubbell, of Chicago (Sidney Z. Karasik, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant, the Hertz Corporation, appeals from four orders of the circuit court in this product liability case. The first, entered on January 19, 1973, vacated a jury verdict in favor of the defendants, set aside the judgment entered thereon, and granted a new trial to plaintiffs, William and Jeannette Knapp, on all issues. The court's amended order, entered on January 29, 1973, vacated the jury's verdict and the judgment entered thereon, granted plaintiffs' motion for a directed verdict (Ill. Rev. Stat. 1977, ch. 110, par. 68.1) made at the close of the evidence, and granted plaintiffs a new trial limited to the issue of damages. A second amended judgment order was entered on February 14, 1974. This order entered judgment for the plaintiffs notwithstanding the verdict, and ordered a new trial limited to the issue of damages. Defendant also appeals from an order of the circuit court entered on July 7, 1976, following the jury trial on the issue of damages. This order entered judgment on the jury's verdict in favor of plaintiffs, awarding damages to plaintiff Jeannette Knapp in the amount of $1,000 and to plaintiff William Knapp in the amount of $55,000.

The issue on appeal is whether the trial court properly vacated the jury verdict under the standards set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504. Although defendant challenged the amount of the damages awarded by the jury in its notice of appeal filed on August 5, 1976, no arguments on this issue have been briefed or argued before this court. We therefore consider Hertz to have waived this

issue. Supreme Court Rule 341(e)(7), Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7).

Plaintiffs have filed a motion to dismiss this appeal, which was taken with the case. On the motion, the issue is the *res judicata* effect, if any, of two prior appeals in this case by Hertz.

Plaintiffs, who reside in Chicago, rented a 1963 Ford station wagon from defendant, an automobile rental company, on June 11, 1963. The next day, plaintiffs and their children departed in the rented station wagon for a vacation trip to Atlantic City, New Jersey. On the afternoon of June 13, they were driving eastbound on the Pennsylvania Turnpike near Valley Forge, Pennsylvania. They stopped for gasoline, after which Mrs. Knapp took the wheel. Mrs. Knapp testified that she released the emergency brake at the gas station prior to setting the car in motion. Approximately one hour later and one-quarter mile before they reached a highway toll plaza, Mrs. Knapp attempted to apply the brakes to bring the car to a stop. The brake pedal went all the way to the floor, and the car failed to slow. She then attempted to apply the emergency brake, but it too failed. The car ran into a concrete abutment at the toll plaza, causing the plaintiffs to be injured.

Plaintiffs then commenced this action. The case was tried in 1969, but for reasons not evident from the record now before us, the trial was not completed. Plaintiffs' fourth amended complaint, filed February 2, 1971, alleged that the braking system on the station wagon was in an unreasonably dangerous condition in that it failed to perform as intended. At the second trial in 1971, from which this appeal in part arises, plaintiffs presented evidence of the foregoing facts. They presented no expert testimony as to the exact cause of the brake failure.

Defendant presented evidence to establish that the brake failure was the result of Mrs. Knapp operating the car with the emergency brake in a partially applied position.

At the close of all the evidence, both sides moved for a directed verdict. Both motions were denied, and the case was submitted to the jury. The jury returned its verdict in favor of the defendant.

In their amended post-trial motion, plaintiffs asked the court to set aside the jury verdict, to grant their motion for a directed verdict made at the close of the evidence, and for a new trial on the issue of damages. In the alternative, the motion asked that the verdict be set aside, the judgment entered thereon vacated, and for a new trial on all issues. The motion was supported by in excess of 50 alleged trial errors. The trial court then entered the series of orders related above.

Following entry of the trial court's amended judgment order on January 29, 1973, defendant filed an appeal under Supreme Court Rule 306 ("Appeals from Orders of the Circuit Court Granting New Trials," Ill.

Rev. Stat. 1971, ch. 110A, par. 306). The appeal was docketed in this court as number 58656, and was assigned to this court's fifth division. On August 24, 1974, the appeal was dismissed for want of prosecution.

Following the entry of the trial court's amended judgment order on February 14, 1974, defendant again sought an appeal. This appeal was docketed in this court as number 60180. On July 23, 1974, the fifth division denied defendant's petition for leave to appeal and remanded the case for the trial on the issue of damages. The draft order entered by this court stated that the denial of the petition was "without prejudice to the right of Defendant to appeal all prior and future orders in the cause."

Following a jury trial held on the issue of damages, a final judgment in the case was entered on July 7, 1976. Defendant's notice of appeal was filed on August 5, 1976.

I.

We first consider plaintiffs' motion to dismiss this appeal. The gist of this motion is that defendant is precluded from raising the issue of its liability in this appeal because of its failure to prosecute the first appeal (docket number 58656). Plaintiffs further maintain that this court's denial of defendant's second appeal (number 60180) "without prejudice to the right of Defendant to appeal all prior and future orders in the cause," is ineffective to revive the issue of defendant's liability lost when it failed to prosecute its first appeal.

■■ In our view, the issues raised in the motion are controlled by our supreme court's opinion in *Martino v. Barra* (1967), 37 Ill. 2d 588, 229 N.E.2d 545. In *Martino*, a wrongful death action, the jury returned a verdict for the defendants and the trial court entered judgment thereon. Plaintiffs then filed a post-trial motion for judgment notwithstanding the verdict and for a new trial on the issue of damages. The court sustained the motion as to two of the defendants and granted a new trial on the issue of damages. These defendants then appealed. The appellate court dismissed the appeal, and defendants appealed to the supreme court. The supreme court affirmed the appellate court's dismissal and remanded for further proceedings, stating:

> "[W]here, as here, a judgment *n.o.v.* on the issue of liability only is awarded a claimant, and a trial on the issue of damages is yet to occur, there is no final order upon which the party against whom the judgment *n.o.v.* has been awarded may predicate an appeal. * * *

> * * *

> [U]nder the circumstances here, to permit its appeal was to authorize a piecemeal appeal." (37 Ill. 2d 588, 594-95.)

Defendant's appeal, therefore, from the trial court's February 14, 1974,

order was not a final and appealable order. Consequently, the order of this court dismissing defendant's appeal from the amended judgment order of January 24, 1973 (our number 60180) "without prejudice to the right of Defendant to appeal all prior and future orders in the cause," allows for our consideration of the issue of liability.

Plaintiffs rely on *Martino v. Barra* (1st Dist. 1973), 10 Ill. App. 3d 97, 293 N.E.2d 745. This *Martino* case arose from the additional proceedings mandated by the supreme court's opinion. There, defendant tried to again raise the issues raised in the first appeal. The fourth division of this court refused, stating that the issues raised had been considered in the first appeal and were not properly before the court. (10 Ill. App. 3d 97, 100.) There is nothing in the record of the case at bar, or in the court's files on appeal numbers 58656 or 60180 to indicate that the issue of defendant's liability to the plaintiffs has ever been considered by this court. For these reasons, the plaintiffs' motion to dismiss this appeal is denied.

## II.

Defendant contends that the jury's verdict was supported by the evidence, and that the trial court erred in granting a directed verdict for the plaintiffs or in granting judgment for the plaintiffs notwithstanding the verdict. The standard to be applied by the trial court in considering a motion for judgment *n.o.v.* or a motion for a directed verdict is whether all of the evidence, viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. (See *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) On review, therefore, it is our duty to consider whether the trial court erred in its conclusion that the evidence, viewed in its aspect most favorable to defendant, so overwhelmingly favored plaintiffs that no verdict in favor of the defendant could ever stand.

■■■ To establish a *prima facie* case of strict product liability in tort, a plaintiff must prove that the injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one, and that the condition existed at the time it left the manufacturer's control. (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 623, 210 N.E.2d 182.) A rental car company, such as defendant, is liable for injuries caused by the unreasonably dangerous condition of a product which it places in the stream of commerce. (See *Galluccio v. Hertz Corp.* (5th Dist. 1971), 1 Ill. App. 3d 272, 278-79, 274 N.E.2d 178.) A product is defective if it is dangerous because it fails to perform in the manner to be expected in light of its nature and intended function. (*Dunham v. Vaughan & Bushnell Mfg. Co.* (1969), 42 Ill. 2d 339, 342, 247 N.E.2d 401.) The liability in strict product liability cases is based upon the condition of a product. (*Kossifos*

*v. Louden Machinery Co.* (1st Dist. 1974), 22 Ill. App. 3d 587, 591, 317 N.E.2d 749.) A manufacturer may be liable for damage caused by a nonintended use of a product if the use is one which may be reasonably foreseen. If a product is not reasonably safe for a use that may be expected to be made of it, and no adequate warning is given of its dangerous propensities, the manufacturer or seller of such a product may be liable even though the product itself is faultlessly made. (See *Jonescue v. Jewel Home Shopping Service* (2d Dist. 1973), 16 Ill. App. 3d 339, 344-45, 306 N.E.2d 312, and cases cited therein.) Further, if a manufacturer knows or should know that danger may result from a particular use of his product, the product may be held to be in a defective condition if sold without adequate warnings. *Stanfield v. Medalist Industries, Inc.* (2d Dist. 1975), 34 Ill. App. 3d 635, 639, 340 N.E.2d 276.

Plaintiffs presented evidence that on June 11, 1963, they rented a 1963 Ford station wagon from defendant. The next day they departed from their home on the south side of Chicago for a vacation to Atlantic City, New Jersey. Mr. and Mrs. Knapp shared the responsibility for driving, alternating every couple of hours. On June 13, they were approaching the Valley Forge interchange on the eastbound Pennsylvania Turnpike. After they stopped at a gas station, Mrs. Knapp got in the driver's seat, released the emergency brake, started the car, and drove off. Approximately one hour later and one-quarter mile before they reached the toll plaza, Mrs. Knapp attempted to slow the car by applying the brake pedal. The pedal went all the way to the floor of the car, and the brakes failed to respond. She then attempted to apply the emergency brake, but it also failed. Eventually, she steered the car into the concrete abutment to avoid a collision with another vehicle. Mrs. Knapp received minor injuries and Mr. Knapp suffered a broken leg.

The plaintiffs also presented the testimony of a Pennsylvania State trooper and an auto mechanic who were called to the scene. Both of these witnesses applied the brake pedal, but initially there was no pressure. Eventually, however, the pressure gradually returned, and by the time the car was towed from the scene of the accident, it had returned to normal.

■■ Defendant points out that plaintiffs presented no expert testimony to establish the precise cause of the brake failure. As said in *Tweedy v. Wright Ford Sales, Inc.* (4th Dist. 1975), 31 Ill. App. 3d 72, 76, 334 N.E.2d 417, "* * * to impose upon the plaintiff the burden of proving a specific identifiable defect other than the uncontroverted malfunction here shown would effectively nullify policy considerations clearly stated in *Suvada* * * *." *Tweedy* also involved an alleged brake malfunction.

Defendant presented evidence to suggest that during the last stretch of the trip, Mrs. Knapp was driving with the emergency brake in a partially

applied position. According to defendant's theory, this caused the brake shoes to rub against the interior surface of the brake drum, creating enough friction to cause a heat buildup within the brake drum, but not enough to retard the car's movement to any noticeable degree. Eventually, the heat buildup became so intense that the hydraulic braking fluid boiled and vaporized. This resulted in the loss of brake pedal pressure. After the accident, when the system cooled off, and the brake fluid condensed, brake pressure returned to normal. These conclusions were based on the testimony of witnesses who examined the braking system of the car subsequent to the accident that the normally silver-grey color of the steel parts of the braking system had taken on a bluish color, a condition which occurs only where such steel is subjected to temperatures in excess of 600°F.

■■ ■ Defendant contends that driving the car with the emergency brake partially applied constitutes misuse of the product and bars plaintiffs' recovery. Evidence of a plaintiff's misuse of a product may bar a recovery in an action for strict tort liability in one of two ways: it may be used to rebut plaintiff's evidence as to an unreasonably dangerous defective condition or as to proximate causation. (See *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 431, 261 N.E.2d 305; see also Annot., 13 A.L.R. 3d 1057, 1101 (1967).) Misuse of a product is conduct on the part of the plaintiff qualitatively more serious than simple contributory negligence, which is not a defense to an action for strict product liability in tort, but qualitatively less serious than that conduct which has been termed "assumption of the risk," which is a defense. In *Williams,* the court stated that misuse of a product is using it for a purpose neither intended nor foreseeable (objectively reasonable) by the defendant. 45 Ill. 2d 418, 425.

■■ Even assuming, as *Pedrick* requires, that Mrs. Knapp was driving with the emergency brake in a partially applied position, that this caused the buildup of heat within the brake system, that this in turn caused the boiling and evaporation of the brake fluid and the resultant loss of brake pressure, the evidence, viewed in its aspect most favorably to defendant, so strongly favors plaintiffs that no other verdict could stand for the following reasons: One, the evidence was uncontroverted that after the initial failure of the hydraulic braking system, Mrs. Knapp attempted to apply the emergency brake. Defendant's evidence does not explain the failure of the emergency brake, which its own witnesses testified was a back-up mechanical system not dependent on the liquid state of the hydraulic braking fluid. Defendant's witnesses testified that the dual purposes of the mechanical braking system are to prevent movement of a parked car, and to bring a car to a safe stop in the event that the hydraulic system should fail. Defendant's expert also testified that the brake pads,

even at the time of trial (some 10 years after the occurrence) were capable of bringing the car to a halt, although they would not perform as well as brand-new brake pads. Second, the evidence presented by the defendant does not rebut the clear inference from all of the evidence that the braking system was in an unreasonably dangerous defective condition either because the emergency brake release mechanism failed to fully disengage or because defendant failed to warn plaintiffs that it might not fully disengage. Thirdly, the evidence presented by defendant does not rebut the clear inference to be drawn from all of the evidence that the design of the braking system was defective in that it was possible to drive the car at highway speeds with the emergency brake in a partially applied position, with no discernible change in the performance of the vehicle to alert the driver. In short, the car plaintiffs rented from defendant was "defective" within the context of the law of products liability because it failed to perform in the manner reasonably to be expected in light of its nature and intended function. *Dunham*, 42 Ill. 2d 339, 342.

Moreover, plaintiffs' conduct in driving the car with the emergency brake partially applied, if that in fact occurred, would not constitute misuse, for in our view the evidence clearly showed that such a "use" was objectively foreseeable by defendant. The evidence showed that a warning lamp was available as optional equipment on Ford products in 1963. The cost of installing this optional equipment, according to defense witnesses, was low. We note parenthetically, again assuming the truth of defendant's evidence, that installation of such a warning lamp might well have prevented the accident, and avoided 15 years of litigation.

For the reasons stated, the judgment and orders of the circuit court of Cook County are affirmed.

Affirmed.

STAMOS, P. J., and PERLIN, J., concur.