CALVERT FIRE INSURANCE COMPANY, APPELLANT, *v.*
FYR-FYTER SALES & SERVICE ET AL., APPELLEES.

[Cite as Calvert Fire Ins. Co. v. Fyr-Fyter (1979),
67 Ohio App. 2d 11.]

(No. L-78-296—Decided October 19, 1979.)

*Messrs. Kevern, Gaynor & Van Gunten* and *Mr. Richard
B. Swartzbaugh,* for appellant.

*Messrs. Finn, Manahan & Pietrykowski* and *Mr. Dennis
C. Dickson,* for appellee Fyr-Fyter Sales & Service.

*Messrs. Shumaker, Loop & Kendrick, Mr. Robert G.
Clayton, Jr.,* and *Mr. David W. Wicklund,* for appellee
Certain-Teed Corporation.

POTTER, P. J. This is a subrogation suit brought by the plaintiff-appellant, Calvert Fire Insurance Company, to recover funds paid to its insured, Remanco (hereinafter referred to as the insured), for losses which occurred when an apartment building owned by the insured was damaged by fire. The fire originated when Philip McCoil, a maintenance supervisor employed by appellant's insured, attempted to thaw a frozen pipe by heating the pipe through the use of a propane blowtorch. While heating the pipe, the paper backing of nearby insulation caught fire. McCoil's attempts to put out the fire through the use of a fire extinguisher, which was serviced by defendant-appellee Fyr-Fyter Sales and Service (hereinafter referred to as Fyr-Fyter), were unsuccessful, and the apartment building was damaged.

Appellant initiated this suit against two parties: Fyr-Fyter, on the grounds that the extinguisher failed to operate; and, the manufacturer of the insulation, defendant-appellee Certain-Teed Corporation (hereinafter referred to as Certain-Teed), based on the doctrine of products liability. The Court of Common Pleas of Lucas County granted summary judgment in favor of both defendants and this appeal followed.

Appellant has filed the following assignments of error:

"1. The Trial Court committed error prejudicial to the plaintiff in granting the motion for summary judgment of the defendant, Fyr-Fyter Sales & Service, Inc., because there are genuine issues of material fact from which reasonable minds could come to different conclusions and said defendant was not entitled to judgment as a matter of law.

"2. The Trial Court committed error prejudicial to the plaintiff in granting the motion for summary judgment of the defendant, Certain-Teed Corporation, because there are genuine issues of material fact from which reasonable minds could come to different conclusions and said defendant was not entitled to judgment as a matter of law.

"3. The Court below abused its discretion in granting each of the motions for summary judgment filed in the Court below."

For the reasons hereinafter stated, we find that the trial court erred in granting summary judgment in favor of Fyr-Fyter, but, did not commit error in granting summary judgment in favor of Certain-Teed.

We consider first the cause of action against Fyr-Fyter. In its complaint, appellant alleges that its insured purchased the fire extinguisher, which was installed in the apartment building, from Fyr-Fyter; that Fyr-Fyter purported to inspect and service the fire extinguishers in the building in October of 1976, but negligently failed to do so; and, that Fyr-Fyter's negligence caused damage, by fire, to the appellant's insured. Appellant also alleges, in its complaint, that Fyr-Fyter breached its service contract and that this breach of contract was the direct and proximate cause of the fire.

The deposition of Philip McCoil, the maintenance supervisor employed by appellant's insured, indicates that he attempted to thaw frozen pipes at the University Hills apartment complex by heating the pipes with a propane blowtorch. Testimony showed that the apartment complex had a continuing problem with frozen pipes. Most of the pipes had been wrapped with insulation by former maintenance men. The insulation in question consisted of fiber glass attached to forty-pound weight Kraft paper. After McCoil located the pipe in question, he pushed the fiber glass insulation to one side so that part of the pipe was exposed. He did not remove the insulation. The insulation was six to seven inches in distance from the flame, but McCoil conceded that the flame "could have" touched the paper backing. McCoil heated the pipe for three to six minutes, stopped, and then continued to heat the pipe for a "couple more minutes." A fire then broke out in the paper part of the insulation that covered the pipe and that had been pushed away.

After McCoil's initial attempts to put the fire out were unsuccessful, he obtained the fire extinguisher in question from the hallway. He attempted to use the fire extinguisher; and, when it did not operate, he noticed that the fire extinguisher indicator read "recharge." He then procured a second fire extinguisher from another floor. The fire had spread between the walls, however, and McCoil was not able to quench the fire. The building suffered fire damage as a result.

After pleadings, briefs, depositions, interrogatories and affidavits were filed, the defendants moved for summary judgment. The affidavit in support of Fyr-Fyter's motion averred that the affiant serviced 32 fire extinguishers at the apartment complex in October of 1976, that the extinguishers were prop-

erly charged at that time and that appellant's insured did not request that the extinguishers be serviced after that inspection until the day of the fire, January 17, 1977. Fyr-Fyter also produced documents in support of its claim that appellant's insured had a duty to inspect the extinguishers and argued that the extinguishers were outside Fyr-Fyter's control.

In response to the motions, appellant filed an affidavit stating that the fire extinguishers had been inspected at least once a month by the insured between Fyr-Fyter's servicing of the fire extinguishers in October of 1976 and the fire. A second affidavit, filed by appellant and made by Neil Blaksley, states that tests on the first extinguisher, after the fire, indicated that it "probably had pressure at the time of discharge." The Blaksley affidavit states that 30 percent of the dry powder was not discharged due to inadequate pressure to the powder itself.

The trial court in its judgment entry made the following findings as a matter of law:

"1. Plaintiff has failed to produce any evidence that the fire at the apartment building at 2239 University Boulevard on January 17, 1977 and the damages to said apartment building resulting from said fire were proximately caused by the negligence of defendant, Fyr-Fyter Sales and Service[.]

"2. The fire at said apartment building was caused by the negligence of the agent of plaintiff's insured, Philip McCoil, and that his negligence was the sole proximate cause of said fire and the damages to said apartment building resulting from said fire[.]"

As to defendant Fyr-Fyter, we find that since the matter was before the court on a motion for summary judgment, the finding of the trial court rests on an insufficient legal and factual foundation. It appears that both Fyr-Fyter and the trial court concluded that the insured's maintenance man started the fire and that this act, alone, relieved both defendants from liability. We hold that this is error.

An anticipated reason, purpose and, therefore, imposed duty when one purchases a fire extinguisher and has it serviced under a contract is to protect against his own negligence in starting a fire. Here, it is alleged that the fire was small and that had the fire extinguisher worked, the fire would have been put out. Cf. *Caplaco One, Inc.*, v. *Amerex Corp.* (E.D. Mo.

1977), 435 F. Supp. 1116, affirmed (C.A. 8, 1978), 572 F. 2d 634. See, also, *Malone Freight Lines, Inc.,* v. *McCardle* (1964), 277 Ala. 100, 107, 167 So. 2d 274, 281, which held as follows:

"The fire was an intervening, independent cause in the sense that defendant did not cause it, but was the fire an unforeseen cause of the loss? We think that the jury could find that the fire was foreseen. Why did defendant require plaintiff, as a condition of the contract, to install the extinguisher if the possibility of fire was not foreseen? To ask the question seems to answer it. Anticipation of fire was the precise reason for installing the extinguisher. No other reason is suggested. We are of opinion that the fire was not an intervening, independent, unforeseen cause which insulated defendant's alleged negligence from becoming a proximate cause of plaintiff's loss." See, also, 2 Restatement of the Law of Torts 2d 432 *et seq.,* Section 433 *et seq.,* particularly, Section 433(b), at page 432, and illustration 1 to Section 442A, at page 469.

Considering the evidence submitted with the motion for summary judgment as to defendant Fyr-Fyter, we find that the issues of proximate cause and negligence are ones in which reasonable minds could differ. Cf. 35 American Jurisprudence 2d 615, 621, Fires, Sections 35 and 41.

We now consider appellant's products liability claim against defendant Certain-Teed. Appellant has alleged a design safety defect, negligent failure to warn, breach of implied warranty of fitness and strict liability premised on failure to warn. These claims are all based on the contention that the paper backing, called the "vapor barrier," which was attached to the fiber glass, was made highly flammable by the process used to make the barrier water-repellent.

The affidavit in support of Certain-Teed's motion for summary judgment denied that the vapor barrier was treated for water-repellency, but, did state that the paper facing was made to adhere to the fiber glass by an asphalt coating. The affidavit also stated that the insulation manufactured by Certain-Teed was not advertised or intended to be used as pipe insulation.

The trial court, in its judgment entry, held as follows with respect to the products liability claim:

"3. There was no duty on the part of defendant, Certain-Teed Corporation, to warn that the paper facing of the insulation material allegedly manufactured by it was flammable,

because the flammable nature of said paper facing was obvious and known to the agent of plaintiff's insured, Philip McCoil[.]

"4. Plaintiff failed to produce any evidence that said insulation was so volitale [*sic*] as to require defendant, Certain-Teed Corporation, to warn the ultimate consumer that the paper facing of said insulation was more flammable than would otherwise be normally contemplated by such user, and without any such evidence the Court cannot measure the degree of flammability of the facing of said insulation.

"5. The plaintiff's claim in strict liability must fail because plaintiff has failed to produce any evidence that the insulation material allegedly manufactured by defendant, Certain-Teed Corporation, was defective per se or defective in design[.]

"6. Plaintiff has failed to come forward with any evidence showing specific facts to create a genuine issue of material fact in this case as to its claims against defendants***[.]"

The insulation in question was designed to be placed between the studs of a building; here, the insured's agents had wrapped it around water pipes. In addition, the insured's agent used a blowtorch in close proximity to the insulation.

The facts presented show that the insured's use of the insulation was improper. The improper use removed the existence of any genuine issue of material fact relative to defective design, implied warranty and failure to warn. See *Collins* v. *Ridge Tool Co.* (C.A. 7, 1975), 520 F. 2d 591, certiorari denied (1976), 424 U. S. 949; *Knapp* v. *Hertz Corp.* (1978), 59 Ill. App. 3d 241, 375 N.E. 2d 1349; *Thibault* v. *Sears, Roebuck & Co.* (1978), 118 N.H. 802, 395 A. 2d 843; Prosser on Torts (4 Ed. 1971) 667, Section 102; Annotation 13 A.L.R. 3d 1057, 1086; 2 Restatement of the Law of Torts 2d 347, 351-352, Section 402A, comments *g* and *h*.

We, therefore, find that appellant's first and third assignments of error are well taken as to defendant Fyr-Fyter and that appellant's second and third assignments of error are not well taken as to defendant Certain-Teed. Accordingly, the judgment as to Certain-Teed is affirmed, and the judgment as to Fyr-Fyter is reversed and vacated. This cause is remanded to the Court of Common Pleas of Lucas County for further proceedings in accordance with this decision.

*Judgment accordingly.*

BROWN and CONNORS, JJ., concur.