## DEVERS v SCHREIBER

Ohio Appeals, 1st Dist, Hamilton Co

No 4729. Decided March 18, 1935

Harry Neal Smith, Cincinnati, for plaintiff in error.

George H. Kattenhorn, Cincinnati, and August A. Rendigs, Jr., Cincinnati, for defendant in error.

550

## OPINION

By ROSS, PJ.

Sec 10509-133, GC, provides as follows:

"If a claim against the estate of a deceased person has been presented to the executor or administrator, and has been disputed or rejected by him, but not referred to referees, the claimant, except as is otherwise provided by law, must commence a suit for the recovery of such claim within two months after such dispute or rejection, if the debt or any part of it be then due, or within two months after some part of it becomes due, or be forever barred from maintaining an action thereon. Except as is otherwise provided by law, no action shall be maintained thereon after such period, by a person deriving title thereto from such claimant."

The judgment upon the pleadings was correct in view of the facts alleged and the provisions of the statute applicable thereto noted.

An entirely new predicate for his action was adopted by the plaintiff after the correctness of this judgment became obvious to him, to-wit, that presentment of the claim was not necessary. However, again, presentment and rejection of the claim are alleged even in the second amended petition. Such being the case, the section of the statute noted is still applicable even though a case were presented where no presentment is required, unless the exception noted in the statute applies. We know of no "provision of law" applicable excusing presentment of a claim such as is here involved.

It is urged that the will having directed payment of the expenses of the last illness and the statute requiring the payment of same, presentment is excused. Granting that such a contention is correct (our conclusion being otherwise) presentment and rejection have been consistently alleged in all the petitions filed by the plaintiff. The contention is, however. not maintainable. There is no exception presented to that requiring presentment and rejection.

Sec 10509-112, GC, provides in part as follows:

"Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation."

In 18 O. Jur., p. 354, it is stated:

"The general test of the necessity of presentation in many cases is whether the claim is of such a character that it can be adjusted by the claimant and the administrator. The validity of the claim and amount due, may need judicial determination."

It is our conclusion that the law requires the presentment of the claim involved and that such presentment was alleged as well as the rejection of the claim, and that the judgment of the court upon the pleadings was correct. No abuse of discretion appears in refusing leave to file the amended petition.

Judgment of the Court of Common Pleas is affirmed.

MATTHEWS and HAMILTON, JJ; concur.