VARISCO, Appellant,

v.

VARISCO, Appellee.

[Cite as *Varisco v. Varisco* (1993), 91 Ohio App.3d 542.]

Court of Appeals of Ohio,
Medina County.

No. 2217–M.

Decided Nov. 10, 1993.

*William L. Thorne,* for appellee.

*John C. Oberholtzer,* for appellant.

Reece, Judge.

Plaintiff-appellant, Andrew A. Varisco, appeals from the trial court's order granting summary judgment in favor of defendant-appellee, Mary E. Varisco. We affirm.

Andrew is the brother of Alfred Varisco, Mary's deceased husband. Andrew claims that between March 1980 and March 1981 he lent Alfred $9,260. On April 14, 1983, Alfred died intestate with this claimed debt unpaid. Alfred's sons, Donald and David Varisco, were named co-administrators of Alfred's estate by the Medina County Probate Court on May 23, 1983. On February 2, 1984, Donald and David as co-administrators entered into an agreement with Mary in which they would transfer all of Alfred's real estate to Mary in consideration for Mary assuming all debts of Alfred's estate. The estate debts listed in this agreement did not include the claimed debt to Andrew.

In 1986, Andrew filed an action seeking to collect the claimed debt from Mary, Donald and David. During this action, Andrew took Mary's deposition in November 1986 and Donald's in January 1987. From these depositions it appears that shortly after Alfred died in 1983, Donald found a small notebook of Alfred's containing the notation "owed Andrew ninety-two sixty." According to Donald's deposition, he and Andrew discussed this notation and Andrew's claimed debt at Alfred's funeral. Mary asserted in her deposition that Andrew gave the money to Alfred as a gift and not as a loan. For reasons not contained in the record, Andrew voluntarily dismissed this first action on April 11, 1990, pursuant to Civ.R. 41(A).

On April 4, 1991, Andrew brought this present action against Mary seeking to collect on the claimed debt. On July 8, 1992, Andrew moved for summary judgment. Mary filed a reply to Andrew's summary judgment motion and additionally moved the court to strike from Andrew's motion the depositions taken during the first action. Mary also moved for summary judgment. The record indicates that Andrew did not respond to Mary's motion to strike or her motion for summary judgment.

On February 23, 1993, the trial court granted Mary's motion to strike and her motion for summary judgment. The court found that because Andrew did not present his claim in writing to the co-administrators of Alfred's estate within three months of their appointment as required by R.C. 2117.06, Andrew's claim against the estate was barred as a matter of law. Andrew appeals.

## Assignment of Error 1

"The trial court erred in failing to consider the depositions filed with the court."

Andrew argues that under Civ.R. 32(A)(4), the depositions taken in his previous action against Mary, Donald and David could be properly submitted in this present action against Mary because this action involves the same parties and

subject matter as his first action to collect the claimed debt.[1] The record submitted to this court, however, does not indicate that Andrew responded to Mary's motion to strike or argued against the motion in the trial court based on Civ.R. 32(A)(4). Consequently, it appears that Andrew failed to raise the issue of the applicability of Civ.R. 32(A)(4) in the court below.

A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention. *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 317–318, 436 N.E.2d 1001, 1003. Thus, a party has waived the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below. *State v. Awan* (1986), 22 Ohio St.3d 120, 123, 22 OBR 199, 202, 489 N.E.2d 277, 279–280; *Van Camp v. Riley* (1984), 16 Ohio App.3d 457, 463, 16 OBR 539, 544–545, 476 N.E.2d 1078, 1084.

Accordingly, because nothing in the record indicates that Andrew raised the application of Civ.R. 32(A)(4) as an issue in the court below, Andrew has waived any error on appeal. Andrew's first assignment of error is overruled.

### Assignment of Error 2

"The trial court erred in granting summary judgment in favor of the defendant-appellee."

In reviewing a trial court's grant of summary judgment, an appellate court applies the same standard used by the trial court. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. Thus, under Civ.R. 56(C), the entry of summary judgment is proper only if, after viewing the evidence most strongly in favor of the nonmoving party, the court determines that no genuine issues of material fact remain for trial, entitling the moving party to judgment as a matter of law because reasonable minds could come to but one conclusion which is adverse to the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

In granting summary judgment to Mary, the trial court found that as a creditor Andrew did not satisfy the statutory presentment requirements under R.C. 2117.06 because he had failed to present his claim to the co-administrators of Alfred's estate in writing. Andrew argues that his discussion of the debt with

---

1. Civ.R. 32(A)(4) provides in pertinent part that "[w]hen another action involving the same subject matter is or has been brought between the same parties * * * all depositions lawfully taken in the one action may be used in the other as if originally taken therefor."

Donald combined with the fact that Alfred's notation of the debt was in Donald's possession amounted to notice and knowledge of the debt by Donald as co-administrator of Alfred's estate and that this notice and knowledge of the debt substantially complied with the presentment requirements of R.C. 2117.06. We disagree.

First, evidence concerning Andrew's discussion with Donald and Donald's possession of Alfred's notation was contained in the depositions stricken by the trial court from Andrew's motion for summary judgment. Thus, these facts were not before the trial court. Nevertheless, even assuming *arguendo* that these facts were before the trial court, Andrew still failed as a matter of law to satisfy the presentment requirements for a creditor under R.C. 2117.06.

At the time of Alfred's death, R.C. 2117.06 provided in pertinent part that "[a]ll creditors having claims against an estate shall present their claims to the executor or administrator in writing * * * within three months after the date of the appointment of the executor or administrator * * *."[2] This presentment requirement is mandatory. *Fortelka v. Meifert* (1964), 176 Ohio St. 476, 480, 27 O.O.2d 439, 442, 200 N.E.2d 318, 321–322. Moreover, under R.C. 2117.06, only a written presentment provided to the administrator during the statutory time period can constitute the presentment of a claim within the meaning of the statute. *Id.* Therefore, the presentment of a claim in writing to the administrator of an estate is a condition precedent to a creditor bringing suit on that claim. *Morgan v. City Natl. Bank & Trust Co.* (1964), 4 Ohio App.2d 417, 418, 33 O.O.2d 504, 504–505, 212 N.E.2d 822, 823.

It is clear from the record in this case that Andrew did not present his claim against Alfred's estate in writing to Donald or David within three months of their appointment as co-administrators of Alfred's estate. Andrew, however, relies upon *Gerhold v. Papathanasion* (1936), 130 Ohio St. 342, 4 O.O. 425, 199 N.E. 353, and *Gladman v. Carns* (1964), 9 Ohio App.2d 135, 38 O.O.2d 149, 223 N.E.2d 378, to support his argument that he substantially complied with R.C. 2117.06.

In *Gerhold,* the Supreme Court found that the owner of a promissory note did not have to present his claim to the administrator of an estate under G.C. 10509–112, a predecessor section to R.C. 2117.06, where the administrator was already in possession of the note at the time of his appointment. The court, though, specifically limited its holding to the unusual circumstances presented by the case. *Gerhold* involved two different administrators. The first administrator, a trust company, was in possession of the note and actually made payments to the plaintiff-creditor on the note during the statutory limitation period. The second

---

**2.** R.C. 2117.06 was amended in 1990 to require that the creditor present his claim to the estate within one year after the decedent's death.

administrator, the decedent's wife, was a comaker of the note. The court concluded that this was not an ordinary case and that the administrators were in such a position that they could have been expected to have had knowledge of the existence and status of the debt during the limitation period. *Id.* at 345, 4 O.O. at 426, 199 N.E. at 354.

Unlike the version of R.C. 2117.06 being considered by this court, G.C. 10509–112 did not require that a creditor present his claim in writing. *Id.* at 344, 4 O.O. at 426, 199 N.E. at 354. Since then, such a requirement has been added to the statute, and the Supreme Court has clearly held that a writing is necessary for the presentment of a claim under R.C. 2117.06. *Fortelka,* 176 Ohio St. at 480, 27 O.O.2d at 442, 200 N.E.2d at 321–322.

Additionally, the unusual facts involved in *Gerhold* are not present here. Neither Donald or David was a comaker on the claimed debt to Andrew, nor did Donald or David as co-administrators ever make any payments to Andrew on the debt after Alfred's death. In fact, according to Mary's deposition, the existence of the debt has always been disputed. Thus, in stark contrast to the facts in *Gerhold,* the facts here do not indicate that Donald and David could have been expected to have had knowledge of the existence and status of Andrew's claimed debt during the limitation period. See, also, *Devers v. Schreiber* (1935), 50 Ohio App. 442, 4 O.O. 183, 198 N.E. 601 (presentment of the plaintiff's claim to the executor was necessary even though the executor had knowledge of the claim and had negotiated with the plaintiff about it); *Prudential Ins. Co. v. Joyce Bldg. Realty Co.* (App.1943), 44 Ohio Law Abs. 481, 65 N.E.2d 516 (the executor's listing of a creditor's claim in the estate's schedule of debts did not waive the creditor's obligation of presentment).

Likewise, the decision in *Gladman v. Carns* is not helpful to Andrew's argument. The *Gladman* court, in finding that the plaintiff's presentment was in substantial compliance with the requirements of R.C. 2117.06, adopted the statement in 74 A.L.R. 369 that "[a] claim against a decedent's estate need not be in any particular form; it is sufficient if it states the character and amount of the claim, enables the representatives to provide for its payment, and serves to bar all other claims by reason of its particularity of designation." 9 Ohio App.2d at 138, 38 O.O.2d at 152, 223 N.E.2d at 381. Although the opinion is unclear, we believe the *Gladman* court was referring to the form of the writing used by the plaintiff and not to the form of the presentment itself. Regardless, the controlling case law is clear. Under R.C. 2117.06, the presentment of a creditor's claim must be in writing. *Fortelka, supra,* 176 Ohio St. at 480, 27 O.O.2d at 442, 200 N.E.2d at 321–322; *Morgan, supra,* 4 Ohio App.2d at 418, 33 O.O.2d at 504–505, 212 N.E.2d at 823.

Accordingly, the trial court properly found that Andrew did not satisfy the presentment requirements of R.C. 2117.06 as a matter of law. Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and DICKINSON, J., concur.