**D'ANTONIO, Appellant,**

v.

**RIEGER, Appellee.**

[Cite as *D'Antonio v. Rieger* (1996), 115 Ohio App.3d 506.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 25.

Decided Nov. 4, 1996.

*Brian D'Antonio,* pro se.

*Patrick K. Wilson,* for appellee.

GENE DONOFRIO, Judge.

Plaintiff-appellant, Brian D'Antonio, appeals from an order of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant-appellee, Joseph Rieger.

On May 11, 1994, appellant filed a complaint against seven defendants alleging unlawful discharge, intentional infliction of emotional distress, defamation, misrepresentation, breach of implied contract, and promissory estoppel. Named as defendants were appellee Joseph Rieger, Allegheny General Hospital ("AGH"),

Allegheny Health Services ("AHS"), Anthony Sanzo, Bruce Kehr, Mitty Mayberger, and G.T. Hickman.

In essence, the complaint alleged that, from August 1987 to October 1989, appellant was employed at St. Elizabeth Hospital Medical Center in Youngstown, Ohio and was supervised by appellee Rieger. The complaint further alleged that he began working for AGH or one of its affiliates on October 9, 1989. His employment there was terminated in May 1993.

All of the defendants subsequently filed motions to dismiss the complaint. The trial court granted the motions to dismiss of all defendants other than appellee Rieger, based on lack of jurisdiction. The trial court overruled Rieger's motion to dismiss, finding that it had jurisdiction over him and that appellant had stated a recognized cause of action against him. The trial court set a trial date of January 8, 1996, with discovery to be completed by October 1, 1995 and dispositive motions to be filed by November 1, 1995.

Appellant filed his first set of interrogatories directed toward appellee Rieger on December 23, 1994. Thereafter, appellee Rieger filed a motion for a protective order, which was sustained on February 10, 1995, limiting the number of interrogatories to forty. Thereafter, in March 1995, appellant filed amended interrogatories and, in addition, filed six other sets of interrogatories directed to the other defendants, whose status as defendants was being questioned by way of a motion for relief from judgment filed by appellant. Appellee Rieger answered the interrogatories directed to him and filed notice of his answers on April 21, 1995.

On May 22, 1995, appellee Rieger filed a motion for summary judgment. Appellant filed his response to appellee's motion for summary judgment on July 27, 1995. In the meantime, appellant filed various motions with regard to the other defendants and also filed an objection to the leave granted by the trial court to Rieger to file his motion for summary judgment. In addition, appellant filed, on July 14, 1995, a motion to compel appellee Rieger to answer the interrogatories directed to him.

On December 13, 1995, the trial court entered an order which, in part, overruled appellant's motion to compel appellee Rieger to answer the interrogatories directed to him upon a finding that the interrogatories had been fully answered.

Appellee Rieger's motion for summary judgment was based on the statute of limitations. Of appellant's ninety-four-paragraph, six-count complaint, only one count, Count 2, made allegations with regard to appellee Rieger. Count 2 alleged a claim of intentional infliction of emotional distress. A review of the factual

allegations of the complaint indicates that all contact between appellant and appellee Rieger was alleged to have occurred on or before October 9, 1989.

On December 27, 1995, the trial court sustained appellee Rieger's motion for summary judgment. Appellant then filed the instant appeal.

Appellant alleges two assignments of error. In the first, appellant states:

"The court erred to the prejudice of the plaintiff-appellant by sustaining a motion for summary judgment, as the plaintiff-appellant was unable to acquire evidence supporting his opposition to that motion, and for which the plaintiff-appellant advised the court via affidavit."

■ Appellant argues that a trial court may delay its decision on a motion for summary judgment to allow the party opposing that motion to acquire evidence in opposition, citing *Whiteleather v. Yosowitz* (1983), 10 Ohio App.3d 272, 10 OBR 386, 461 N.E.2d 1331. Appellant argues that because of all the other activity in the case, he was unable to conduct all the discovery he needed to conduct in order to properly respond to appellee's motion for summary judgment. Appellant argues that, in his response to appellee's motion for summary judgment, he submitted an affidavit asserting the reasons that he was unable to present facts essential to his opposition and asserting that the trial court should have delayed ruling on the motion. Appellant further alleges that it was error for the trial court to rule on the motion for summary judgment when the motion was filed before the cutoff date for filing dispositive motions.

At the time appellee Rieger filed his motion for summary judgment, the case had been pending for over one year. Appellant had conducted discovery by way of interrogatories directed to Rieger and the other defendants. The trial court found that these interrogatories had been adequately answered when it overruled appellant's motion to compel.

Based upon these facts, we cannot say that appellant had inadequate time to gather facts necessary to respond to the motion for summary judgment. This conclusion is buttressed by the fact that the motion for summary judgment itself was pending for seven months prior to the trial court's ruling on it.

We acknowledge that the court in *Whiteleather, supra,* cited by appellant, stated that a trial court in its discretion may grant additional time to a nonmoving party to gather materials opposing summary judgment and further stated that such discretion should be exercised liberally. However, the facts in *Whiteleather* are clearly distinguishable from those in the instant case. In *Whiteleather,* new counsel undertook the plaintiff's representation after the defendant's motion for summary judgment had been filed. Even with certain extensions granted, the plaintiff's counsel had only three to six days in which to file materials opposing summary judgment. On these facts, the appellate court found that the trial court

should have granted the plaintiff's request for an additional extension of time of thirty days. While we agree with the result in *Whiteleather*, we do not find that it necessitates a different result in the instant case, where appellant had seven months within which to gather materials opposing appellee Rieger's motion for summary judgment.

As a final matter, we note that only one of the six counts of the complaint related to appellee Rieger. Since only the intentional infliction of emotional distress claim involved appellee Rieger, that was the only claim to be considered by the trial court when reviewing the motion for summary judgment. That being the case, all that was required of appellant was the presentation of some evidence to contradict the affidavit of appellee Rieger. This could have consisted of an affidavit of appellant setting forth specific facts in support of his claim. Rather than providing such materials to the court, appellant presented no substantive evidence whatsoever to refute the timetable set forth in appellee Rieger's motion for summary judgment, in which he asserted that the claims against him were barred by the four-year statute of limitations set by *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666.

On this state of the record, we cannot say that the trial court erred in proceeding to rule on Rieger's motion for summary judgment.

Appellant's first assignment of error is without merit.

In the second assignment of error, appellant states:

"The court erred to the prejudice of plaintiff–appellant by sustaining a motion for summary judgment, as there were material facts that remained in dispute at the time of that judgment."

Appellant argues that the following material facts remained in dispute at the time summary judgment was granted:

(1) That appellee Rieger conspired with Hickman and others to coerce appellant to terminate his employment with St. Elizabeth Hospital, which occurred in October, 1989;

(2) That Hickman intentionally misrepresented appellant's future work responsibilities, future work environment and the reason he offered appellant employment;

(3) That appellee Rieger participated, either directly or indirectly, in acts that were intended to inflict emotional distress on appellant, including attempts to publicly embarrass appellant, acts of sabotage, such as implanting viruses in his computer or falsifying project data, and acts of physical aggression;

(4) That appellee Rieger intended to ruin appellant's career;

(5) That appellee Rieger encouraged or participated in disseminating defamatory statements about appellant;

(6) That appellee Rieger participated in the succession of wrongful acts which were committed against appellant after he resigned from St. Elizabeth Hospital.

In response, appellee argues that there were no facts remaining in dispute at the time of summary judgment relative to the issue of whether the intentional infliction of emotional distress claim against appellee Rieger was time-barred.

In reviewing the trial court's grant of summary judgment, we apply the same standard as used by the trial court. *Varisco v. Varisco* (1993), 91 Ohio App.3d 542, 632 N.E.2d 1341. In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, the Ohio Supreme Court set forth the standard for considering motions for summary judgment:

"[W]e hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis *sic*.)

From the record in this case, it is clear that appellee Rieger discharged his burden under Civ.R. 56(C), as that burden is defined in *Dresher*. Appellee Rieger's affidavit establishes that he had no contact with appellant after October 9, 1989 and that Rieger learned of appellant's whereabouts only as a result of the lawsuit filed against him on May 11, 1994. Accordingly, it was incumbent upon appellant to produce some evidence which tended to support his allegations that Rieger had participated in the wrongful acts allegedly occurring after October 9, 1989. Rather than supplying such evidence, appellant's memorandum and accompanying affidavits contained numerous references to alleged relationships between the defendants, without any reference to how those relationships applied to any action by Rieger occurring after October, 1989.

On the basis of the record before us, it is clear that the trial court did not err in concluding that no genuine issue of material fact existed and that appellee Rieger was entitled to judgment as a matter of law under Civ.R. 56(C).

Appellant's second assignment of error is without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.