OPINION
This timely appeal arises from a decision of the Mahoning County Court of Common Pleas whereby the court granted Appellee's motion for summary judgment and finding that Appellant is liable as a surety for the debt of the principal obligor. For the reasons that follow, we reverse the decision of the trial court.
The relevant facts of this case are not in dispute. State Line Painting is a subcontractor with whom the general contractor, Appellant BB Contractors and Developers, Inc., contracted to paint the floor of the Exal Can Plant in Youngstown, Ohio. Appellee, Sherwin-Williams supplied State Line with 200 gallons of industrial enamel for this project which began sometime in August of 1993. (Affidavit of Larry Prezioso)
By the second week of September of 1993, it appeared that enamel was not adhering properly to the floor and representatives of Exal and Appellant concluded that the enamel should be removed. (Affidavit of Larry Prezioso). Asked for its recommendations, Appellee suggested a particular type of floor coating but for economic reasons representatives of Exal chose another type. (Affidavit of Larry Prezioso). Appellee supplied State Line with the requested material on the condition that Appellant guaranteed payment. (Darryl P. Gordesky's Sept. 30, 1993 letter). Appellant agreed to this condition and a representative of Appellant signed a guarantee agreement which acknowledged Appellant's obligation. (Guarantee Agreement, October, 1, 1993). After the project was completed and despite demands for payment, neither State Line nor Appellant paid Appellee for the materials purchased.
On July 15, 1994, Appellee filed suit in the Mahoning County Court of Common Pleas against State Line, as the principal obligor, as well as Appellant in its capacity as guarantor. Appellee sought approximately $50,000.00 past due on the sales account for the materials used by State Line. (Complaint). Appellant answered the complaint on September 30, 1994, and included a cross-claim against State Line for property damage to the floor and a counter-claim against Appellee alleging the same damages. (Answer). State Line failed to answer the complaint. To date, State Line has filed no responsive pleadings and has not attempted to defend against the suit.
Appellee filed a motion for default against State Line on September 19, 1994, which was granted by the trial court on April 17, 1995. (Order, April 17, 1995). On January 6, 1995, Appellee filed what is captioned as a "PLAINTIFF THE SHERWIN-WILLIAMS COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PLAINTIFF THE SHERWIN-WILLIAMS COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT". (Plaintiff's Motion for Summary Judgment). Appellee's motion contained essentially two arguments. First, Appellee argued that since Appellant "stands in the shoes" of State Line in its capacity as State Line's guarantor, the default judgment entered against State Line is binding upon Appellant and therefore precludes Appellant from asserting any contract defenses that would otherwise be available. Second, Appellee argued in the alternative that even if Appellant is not precluded by the default entered against State Line, Appellant's contract-based defense must fail as a matter of law.
On September 23, 1996, Appellant filed a response to Appellee's motion for summary judgment. (Response). Appellant argued that a default against a principal obligor is not binding upon a guarantor of that debt. On December 3, 1996, the trial court granted Appellee's motion for summary judgment. In its decision, the court did not specifically rule on which question it was basing summary judgment. Appellant filed a notice of appeal with this Court on January 13, 1997.
Appellant presents one assignment of error containing multiple issues for our review. Specifically, Appellant contends:
 "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT, IN LIGHT OF THE MOVANT'S FAILURE TO PROVE THAT THERE IS GENUINE ISSUE AS TO ANY MATERIAL FACT AS REQUIRED BY RULE 56 (C) OF THE OHIO RULES OF CIVIL PROCEDURE, SINCE:
 "1) THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE INDUSTRIAL ENAMEL SOLD BY APPELLEE WAS MERCHANTABLE,
 "2) THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE CURATIVE PRODUCTS SOLD BY APPELLEE WERE MERCHANTABLE AND FIT FOR A PARTICULAR PURPOSE,
 "3) THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE ALLEGEDLY DEFECTIVE PRODUCTS SOLD BY APPELLEE PROXIMATELY CAUSED THE DAMAGES INCURRED BY BB IN REMOVING AND REPLACING THE FLOOR COVERING SYSTEM,
 "4) BB HAS REAL DEFENSES TO ASSERT AGAINST APPELLEE, AND
 "5) DEFAULT JUDGMENT AGAINST STATE LINE IS NOT CONCLUSIVE AS AGAINST BB."
Appellant's assignment of error may be compartmentalized into two separate arguments. First, Appellant argues that there are genuine issues of material fact concerning the validity of its contract-based defenses. Second, it argues that the trial court erred in finding that State Line's default precluded Appellant from raising those contractual defenses.
When reviewing a trial court's decision granting summary judgment, we review the evidence de novo and apply the same standard used by the trial court. Varisco v. Varisco (1993),91 Ohio App.3d 542, 545, citing Parenti v. Goodyear Tire Rubber Co.
(1990), 66 Ohio App.3d 826, 829. Under Civ.R. 56 (C), before a court can grant summary judgment, the movant must demonstrate. that:
 "* * * (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party"
Grafton v. Ohio Edison Co. (1996) 77 Ohio St.3d 102, 105, citingState ex rel. Cassels v. Dayton City School Dist. Rd. of Edn.
(1994), 69 Ohio St.3d 217, 219.
The party seeking summary judgment has the initial burden of informing the court of the motion's basis and identifying the portions of the record which tend to show that there is no genuine issue of material fact as to the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must be able to point to some evidence of the type listed in Civ.R. 56 (C) that affirmatively demonstrates that the opposing party has no evidence to support its claims.Id. If this initial burden is met, the opposing party has a reciprocal burden to, "* * * set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not respond, summary judgment, if appropriate, * * *" shall be granted. Id.
In its motion for summary judgment, Appellee met its initial burden by showing that Appellant could not establish the existence of Appellee's duty to "oversee the implementation" of the repainting of the floor at the Exal Can Plant. Appellee's motion for summary judgment contained numerous exhibits. One such exhibit was a letter from Appellee's credit representative to Appellant's representative confirming an earlier telephone conversation whereby Appellant agreed to guarantee State Line's payment for the painting materials supplied by Appellee.
However, appellee's own exhibit to its motion for summary judgment, being a copy of the guaranty agreement executed on October 1, 1993 by Frank Beshara, on behalf of BB and identified as appellee's exhibit C-2, clearly raised a genuine issue of material fact, as it stated: "BB Contractors Developers, Inc. Is agreeing only to guarantee payment on the one (1) coat of Armor Seal 33 primer followed by one (1) coat of title Clad II Epoxy gloss as recommended by Sherwin Williams Co." (Emphasis added). The material fact in dispute is critical to the issues in this case.
Furthermore, as a guarantor, BB was not precluded from raising the contract defenses which could have or should have been raised by State Line, who failed to plead or otherwise appear in the cause of action against it by Sherwin-Williams, thereby resulting in default judgment being rendered against State Line.
For the foregoing reasons, appellant's assignment of error is found to be with merit. This court finds that the grant of summary judgment in favor of Sherwin-Williams was improper and reverses the trial court's decision. This cause is remanded for further proceedings according to law and consistent with this opinion.
VUKOVICH, J., concurs.
WAITE, J., dissents. See dissenting opinion.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE