DECISION
Robert Martin, plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas granting a motion to dismiss in favor of defendants-appellees, Margarette Ghee, chairperson of the Ohio Adult Parole Authority ("OAPA"), and Raymond Capots, a board member for the OAPA.
Appellant is confined at the Orient Correctional Institution in Columbus, Ohio. In 1974, appellant was found guilty of murder and sentenced to an indefinite term of incarceration of eight years to life. In 1982 appellant was paroled, but violated parole in 1985, and his parole was revoked. Since 1985, appellant has had several parole hearings, all in which he was denied parole.
On February 13, 2001, appellant filed a complaint for declaratory and injunctive relief pursuant to Section 1983, Title 42, U.S. Code ("Section 1983"), alleging (1) he was never given a statement of reasons and evidence to support the revocation of his parole in 1985; (2) Capots continued his parole eligibility hearing in April 2000 until certain charges were disposed of; (3) he was denied parole in November 2000, and the matter was continued to 2005; (4) he is seven years overdue for parole eligibility; (5) he is entitled to declaratory relief and an injunction to prevent the Ohio Department of Rehabilitation and Correction ("ODRC") from disclosing his information over the internet; and (6) the above allegations caused him extreme emotional distress, including heart problems, asbestosis, skin cancer, chronic cough, and several other maladies.
On March 13, 2001, appellees filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). On April 5, 2001, appellant filed a motion for summary judgment. On June 1, 2001, the trial court granted appellees' motion to dismiss, finding: (1) appellant did not comply with the requirements of R.C. 2969.25; (2) appellant failed to bring his Section 1983 claims within the statute of limitations; (3) appellant had no right to parole, so he may not challenge procedures used to deny him parole; and (4) appellant failed to state a claim for intentional infliction of emotional distress.
On June 21, 2001, appellant filed a notice of appeal and an appellate brief. On August 7, 2001, we dismissed the appeal for lack of a final appealable order. After the proper judgment entry was filed with the trial court, appellant filed another notice of appeal on December 5, 2001. Appellant has also filed several additional pleadings in this court: (1) "motion to strike appellees brief"; (2) two motions for reconsideration of an order dated January 22, 2002, denying appellant's motion for Rule 11 sanctions; (3) "motion for sanctions for frivolous defendants-appellees' memorandum contra plaintiff-appellant's motion to strike"; and (4) "objection to submission of briefs for courts disposition on March 20, 2002." In appellant's appeal on the merits, he asserts the following assignments of error:
 [I.] A trial court abuses its discretion when it uses erroneous law and fact to grant a 12(B)(6) motion.
 [II.] The trial court abused its discretion overruling Plaintiff's summary judgment motion, as there were no material issues of fact in defendant's [sic] favor. Denying plaintiff his substantive due process right to "fair procedures" guranteed [sic] under the 14th Amend [sic].
We must first discuss appellant's various motions. With regard to appellant's motion to strike appellees' appellate brief, appellant claims appellees improperly assigned errors and presented issues for review in its merit brief. Appellees counter that they were merely trying to organize appellant's confusing arguments. Regardless, we find no prejudice as a result of appellees' brief. Thus, appellant's motion to strike appellees' brief is denied. With regard to appellant's two motions for reconsideration of our entry denying his motion for Civ.R. 11 sanctions, such are also denied. As we explained in our January 22, 2002 journal entry, Civ.R. 11 does not apply to conduct in the court of appeals. With regard to appellant's motion for sanctions for appellees' frivolous memorandum contra appellant's motion to strike, such motion is also denied. Again, Civ.R. 11 sanctions do not apply to conduct in the court of appeals, and, regardless, we find no frivolous conduct on behalf of appellees. Further, appellant's "objection to submission of briefs for court[']s disposition" on March 20, 2002, is now moot and, therefore, overruled.
Appellant contends in his first assignment of error the trial court erred in granting appellees' motion to dismiss. Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. Hunt v. Marksman Prod., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760, 762. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. The court must presume that all factual allegations in the complaint are true and construe all inferences that may be reasonably drawn therefrom in favor of the nonmoving party. Bridges v. Natl. Engineering Contracting Co. (1990), 49 Ohio St.3d 108, 112.
The trial court found the dismissal of appellant's complaint was warranted because appellant failed to comply with the requirements set forth in R.C. 2969.25(A), which provides:
 At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 (1) A brief description of the nature of the civil action or appeal;
 (2) The case name, case number, and the court in which the civil action or appeal was brought;
 (3) The name of each party to the civil action or appeal;
 (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
The requirements of R.C. 2969.25 are mandatory. See State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285. An inmate-plaintiff's "best recollection" is insufficient because R.C. 2969.25 demands strict compliance. Harman v. Wellington (Dec. 20, 2001), Mahoning App. No. 00 CA 248, unreported. In both Zanders and Alford, the petitioners were pro se litigants. The court did not afford them any leeway in applying the mandates of R.C. 2969.25.
In his attempt to comply with R.C. 2969.25(A), appellant indicated by way of affidavit:
 I have filed other lawsuits but have no information to form a belief what the case numbers are, as I am not permitted to retain inactive cases per administrative rules. I can attest no prior lawsuits were deemed malicious or frivolous.
Even if appellant did not have access to the case numbers for his previous actions, the information appellant supplied in his affidavit was wholly insufficient under R.C. 2969.25(A). Appellant conceded in his affidavit that he had filed prior lawsuits. However, appellant fails to make any attempt to describe the civil actions or appeals he filed in the previous five years. He also does not indicate which courts the referred-to claims were brought in, the parties' names, or the outcomes. Appellant could have easily compiled and submitted this information in an affidavit even if he did not have access to the specific case numbers of the prior actions. His bare recitation that none of the unidentified cases were found to be malicious or frivolous is inadequate pursuant to the mandates of R.C. 2969.25(A).
Courts, including this court, have dismissed inmates' complaints pursuant to R.C. 2969.25(A) even when they have included more information in their affidavits than what appellant included in the present case. See Harman, supra (the information supplied regarding each of the previous civil cases was insufficient under R.C. 2969.25(A), despite the fact the inmate listed eleven of his eighteen civil cases filed within the last five years); State ex rel. Pinkava v. Gaul (Aug. 27, 2001), Cuyahoga App. No. 79883, unreported (insufficient to identify only one of at least three civil cases inmate had filed within the last five years); State ex rel. Bristow v. Huffman (2000), 138 Ohio App.3d 500 (insufficient to identify only eleven of at least twenty-three prior civil cases or appeals inmate had filed within the last five years); Hattie v. Andrews (May 14, 1998), Franklin App. No. 97APE11-1446, unreported (dismissal proper even when inmate identified some of his prior civil actions because he materially misstated the number of such civil actions in his affidavit filed pursuant to R.C. 2969.25). Similarly, the scant information supplied by appellant in the present case was insufficient.
We also note appellant attempts to argue that appellees had access to his prior lawsuits by conducting their own research. However, this fact does not abrogate appellant's duties under R.C. 2969.25. Appellant also makes some vague argument that appellees fraudulently concealed the fact they had knowledge or possession of information detailing his prior lawsuits. However, appellees have no duty to conduct their own research into appellant's past legal activity and present their findings to the court. The burden is upon appellant pursuant to R.C. 2969.25. Thus, these arguments are not well-taken.
Appellant also presents several other arguments under this assignment of error. Appellant asserts that R.C. 2969.25(A) conflicts with the Ohio Rules of Civil Procedure and Ohio Rules of Evidence. However, because appellant failed to raise this issue before the trial court, it is waived on appeal. See Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm. (1993), 91 Ohio App.3d 76, 80; Varisco v. Varisco (1993),91 Ohio App.3d 542, 545. Appellant also argues the trial court followed the wrong standard of law in dismissing his complaint pursuant to Civ.R. 12(B)(6). Our review of the trial court's decision reveals the trial court cited and followed the appropriate standard under Civ.R. 12(B)(6). Thus, this argument is without merit. Appellant's remaining arguments with regard to procedural due process and his Section 1983 claims go toward the merits of his underlying action. Because we have found the trial court did not err in dismissing the complaint for failure to follow the affidavit requirements in R.C. 2969.25, appellant's arguments with regard to the merits of his action are moot, and we need not address them. For the following reasons, we find the trial court did not err in dismissing appellant's complaint based upon his failure to comply with the filing requirements contained in R.C. 2969.25. Therefore, appellant's first assignment of error is overruled.
Given our determination of appellant's first assignment of error that the trial court did not err in dismissing appellant's complaint, we need not address appellant's argument in his second assignment of error with regard to the trial court's denial of his summary judgment motion because the issues raised are moot. See App.R. 12 (A)(1)(c).
For the reasons set forth above, we find the trial court did not err in granting appellees' motion to dismiss and in denying appellant's motion for summary judgment. Appellant's first assignment of error is overruled, his second assignment of error is rendered moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and BOWMAN, JJ., concur.