JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. James and Jerilyn Widrich appeal from a decision of the Cuyahoga County Common Pleas Court denying their motion for summary judgment and granting summary judgment in favor of Lynn Diamond. On appeal, the Widriches assign the following error for our review:
 {¶ 2} "The trial court erred in granting the defendant/appellee's motion for summary judgment and not the plaintiffs/appellants' motion thereby accepting the appellee's argument that the appellants had to file a formal claim against the estate and rejecting the appellants' argument that they did not have to do so because the appellee, as sole heir and executrix of the estate, had already accepted their claim and paid them back on it in part."
 {¶ 3} Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 4} The Widriches loaned Herbert Diamond $30,000, as acknowledged by Diamond in letters dated December 8, 1995 and January 11, 1996. Prior to repaying the loans, Diamond died in July 1996; Lynn, his wife and sole heir, was named executrix. Lynn made monthly interest payments on the loan through August 1998. The Widriches and Diamond agreed, in writing, ninety days notice must be given by the Widriches to Diamond in order to receive full payment on the loan. The Widriches never presented a ninety day notice to Diamond or to Lynn after Diamond's death. In addition, the Widriches never presented a claim with the probate court as creditors who sought repayment. Lynn ceased making monthly interest payments; to date, the loan has not been repaid in full.
 {¶ 5} The Widriches filed a lawsuit against Lynn Diamond, individually and as executrix of Diamond's estate, to enforce their claim after the estate had distributed its assets. The Widriches filed for summary judgment, claiming Lynn had acknowledged the loan to Diamond in a letter; therefore she accepted the claim against the estate. In support of their motion, the Widriches submitted letters from Diamond acknowledging the loans, the letter from Lynn, probate paperwork, excerpts from interrogatories, and a request for admissions propounded to Lynn Diamond.
 {¶ 6} Lynn Diamond, in turn, also filed for summary judgment, alleging the Widriches failed to present a claim in accordance with R.C.2117.06. In support of her motion, Lynn submitted her affidavit, request for admissions propounded to the Widriches, and excerpts of the Widriches' depositions.
 {¶ 7} The court granted summary judgment in favor of Lynn and denied the Widriches' motion for summary judgment without opinion.
 {¶ 8} The issue presented is whether the Widriches properly presented a creditor's claim which entitles them to repayment of a $30,000 loan from estate funds.
 {¶ 9} We review the trial court's granting of summary judgment de novo in accordance with the standards set forth in Ohio Civ.R. 56(C), which states:[1]
 {¶ 10} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 11} Further, the court in Dresher v. Burt[2] stated:
 {¶ 12} "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."
 {¶ 13} R.C. 2117.06(A) mandates all creditors having a claim against an estate, including claims arising out of contract, shall present their claims to the executor in writing or to the executor in writing and to the probate court. Further, all claims must be presented within one year after the death of the decedent.[3] A claim that is not presented within one year is forever barred.[4] In Varisco v.Varisco,[5] a case strikingly similar to the instant one, the court found the creditor did not satisfy the statutory presentment requirements under R.C. 2117.06 because he had failed to present his claim to the co-administrators of the decedent's estate in writing. The court did not find it persuasive that the creditor discussed the debt with the co-administrator of the estate and concluded this did not amount to notice and knowledge of the debt to avoid the presentment requirements of R.C. 2117.06.
 {¶ 14} In this case, the Widriches claim Lynn Diamond's acknowledgment of the loan amounts to presentment of the creditor's claim against Herbert's estate. We disagree. The presentment of a claim in writing to the administrator of an estate is a condition precedent to a creditor bringing suit on that claim.[6] The Widriches failed to present their claim in writing; because they failed to meet their burden of presentment pursuant to R.C. 2117.06, the trial court properly granted summary judgment in favor of Lynn Diamond. Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] N. Coast Cable L.P. v. Hanneman (1994), 98 Ohio App.3d 434, 440,648 N.E.2d 875.
[2] 75 Ohio St.3d 280, 1996-Ohio-107.
[3] R.C. 2117.06(B).
[4] R.C. 2117.06(C).
[5] (1993), 91 Ohio App.3d 542.
[6] Morgan v. City Natl. Bank Trust Co. (1964),4 Ohio App.2d 417.