DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Attorney Daran P. Kiefer ("Kiefer"), appeals from a judgment entry of the Lorain County Court of Common Pleas, which entered sanctions against Kiefer pursuant to R.C. 2323.51. We affirm.
 I. {¶ 2} On or about January 20, 1999, at the residence of Patricia Stalnaker, a pipe froze and burst. The alleged cause of the freeze was a malfunctioning furnace ignitor. Prudential Property Casualty Insurance Company ("Prudential") was the insurer of the property; on January 18, 2002, Kiefer, on behalf of Prudential, filed suit naming as defendants Unitary Products Groups, York International Corporation, Stevens Painton Corporation ("Painton"), and several John Does. Painton is the appellee in the case sub judice. The suit alleged, among other things, that Painton was the agent which sold the "defective and improper ceramic ignitor" and asked for damages of $33,850.27 against all defendants, jointly and severally.
 {¶ 3} On March 21, 2002, Painton, having received one extension of time, filed a motion seeking an additional 30 days to answer the complaint. The motion asserted, "[Kiefer], despite several recent attempts of contact by [Painton], has refused to return phone calls." The trial court granted the motion, giving Painton until April 20, 2002 to respond to the complaint.
 {¶ 4} On April 23, 2002, Painton filed a motion for another extension of time. The motion alleged:
"Reason for the instant Motion is that [Painton] is still attempting to resolve this issue with [Prudential] and secure its dismissal from the instant lawsuit. The undersigned counsel has made several attempts to communicate with [Kiefer] and he has refused to acknowledge any of said attempts. See, Exhibits A and B." (Emphasis sic.)
 {¶ 5} Attached as Exhibit A is a March 20, 2002 letter from Painton's attorney, Christopher Ernst ("Ernst"), to Kiefer. The letter claimed that several phone calls from Painton's in-house counsel to Kiefer had gone unanswered, and asked Kiefer to contact Ernst to discuss whether Painton was properly named in this suit.
 {¶ 6} Exhibit B is an April 10, 2002 letter from Ernst to Kiefer, complaining of a lack of response to the March 20, 2002 letter. The April letter further states:
"In the event that it becomes necessary to file an Answer, which is due April 20, 2002, I will advise my client to pursue sanctions against you pursuant to Civil Rule 11 and Revised Code Chapter 23.
"Obviously, the best way for you to avoid this is to respond to our communication attempts. I am sorry that you have forced me into this position, but given your history of an inability to communicate, I am not altogether surprised."
 {¶ 7} On May 3, 2002, Painton filed an answer, a cross-claim, and a third party complaint. The third-party complaint, which named Richard and Patricia Stalnaker as defendants, stated that: Patricia Stalnaker was an employee of Painton's; Patricia used a Painton purchase order to purchase the furnace ignitor referenced in Prudential's complaint; use of the purchase order by Patricia was an act that was outside the course and scope of employment and was without Painton's permission; the Stalnakers paid Painton $515.70 for the ignitor and therefore, the Stalnakers were the direct purchasers of the ignitor.
 {¶ 8} On August 26, 2003, Painton filed a motion for summary judgment; in the motion, Painton stated that on June 28, 2003, Painton propounded requests for admissions, interrogatories and requests for production of documents to Prudential. Kiefer, on behalf of Prudential, did not respond by the August 1, 2002 pretrial. Therefore, the trial court ordered Prudential to respond to the discovery requests on or before August 16, 2002. Kiefer, on behalf of Prudential, never responded to the discovery or the motion for summary judgment, and on September 24, 2002, the trial court granted summary judgment to Painton. On October 29, 2002, the trial court, at Prudential's request, dismissed the remainder of the case with prejudice.
 {¶ 9} On November 19, 2002, Painton filed a motion for sanctions and fees against both Prudential and Kiefer. The trial court originally set a hearing on the motion for January 10, 2003, but changed the date to January 31, 2003. Kiefer responded in opposition to the motion on January 28, 2003, without leave of the court. Painton, on January 30, 2003, moved to strike the response as untimely and unauthorized; on January 31, 2003, the day of the motion hearing, Kiefer filed a motion for leave to file the response. The record is silent as to the trial court's disposition of the late response.
 {¶ 10} On February 13, 2003, the trial court awarded sanctions to Painton in the amount of $4,690.88 in accordance with R.C. 2323.51, to be paid on or before March 28, 2003. The trial court assessed Kiefer the entire amount of the sanctions.
 {¶ 11} Kiefer appealed, raising three assignments of error. We address them together to facilitate review.
 II. Assignment of Error No. 1
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING [PAINTON CORPORATION'S] MOTION FOR SANCTIONS UNDER R.C. 2323.51 AS THERE EXISTED A GOOD FAITH BASIS FOR THE COMPLAINT."
Assignment of Error No. 2
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS THERE WAS NO `CONDUCT' AS DEFINED BY R.C. 2323.51 TO TRIGGER THE IMPOSITION OF SANCTIONS AGAINST [PRUDENTIAL] AND ITS COUNSEL."
Assignment of Error No. 3
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS THE RECORD IS VOID OF ANY EVIDENCE OR SUPPORT THAT THE SUIT WAS FILED MERELY TO `HARASS' [PAINTON CORPORATION]."
 {¶ 12} Kiefer argues that it was improper to award sanctions under R.C. 2323.51 because the complaint was warranted under law and was filed in good faith, there was no frivolous conduct, and the complaint was not filed in order to harass.
 {¶ 13} "Appellate review of a trial court's award of attorney's fees for frivolous conduct pursuant to R.C. 2323.51 is * * * under the abuse of discretion standard, but the trial court's factual findings supporting a conclusion that frivolous conduct occurred will not be overturned if they are supported by competent, credible evidence." S S Computer Sys. Inc. v. Shenfeng Peng, 9th Dist. No. 20889, 2002-Ohio-2905, at ¶ 9 citing Wiltberger v. Davis (1996),110 Ohio App.3d 46, 51-52.
 {¶ 14} Under R.C. 2323.51, "conduct" is "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking of any other action in connection with a civil action[.]" The statute further defines "frivolous conduct" as:
"(a) Conduct of [a] party to a civil action * * * or of the [party's] counsel of record that satisfies either of the following:
"(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
"(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
 {¶ 15} An award for frivolous conduct made pursuant to R.C.2323.51(B)(1)[1] "may be made against a party, the party's counsel of record, or both." R.C. 2351(B)(4).
 {¶ 16} The trial court's judgment entry was brief, stating in its entirety:
"On January 31, 2003[,] this case came for hearing on Defendant, Stevens Painton Corporation's Motion for Sanctions and Fees. After considering the testimony, evidence and motions submitted, this Court finds the Motion for Sanctions and Fees to be well taken. Therefore[,] in accordance with [O.R.C.] 2323.51, Counsel for Plaintiff is hereby ordered to pay to Defendant, Stevens Painton Corporation the sum of $4,690.88 as sanctions. This sum shall be paid on or before March 28, 2003."
 {¶ 17} Attached to Painton's motion for sanctions, were several documents: an affidavit from Painton's general counsel regarding attempts at communication with Kiefer; a letter from corporate counsel to Kiefer explaining that Stalnaker was a Painton employee and used the purchase order without authorization; a copy of the purchase order and check from Stalnaker to Painton; the March 20, 2002 letter from Ernst to Kiefer; the motion for enlargement of time on behalf of Painton due to Kiefer's failure to respond; the April 10, 2002 letter from Ernst to Kiefer; and the second motion for enlargement of time due to Kiefer's failure to respond.
 {¶ 18} As previously noted, the trial court did not, on the record, rule on the acceptance of Kiefer's late filing in opposition to the motion for sanctions. Regardless, the opposition brief did not have evidentiary documents attached which differed from Painton's.
 {¶ 19} During the hearing, Painton's attorney, Ernst, stated the difficulty in getting a response from Keifer, that another defendant, York International, also filed a motion to compel discovery and for sanctions, and that on October 29, the court dismissed the case with prejudice. Ernst stated that Keifer,
"never really engaged in any discovery, has refused to take any affirmative steps whatsoever to determine whether or not its allegations against Stevens Painton were fully meritorious or even colorable."
 {¶ 20} Ernst further stated that the suit was filed solely for entry into Painton's "deep pockets" and was done to harass, force and strong-arm the court into forcing settlement money from Painton, and had Kiefer participated in discovery it would have become clear that Painton should have been dismissed from the suit.
 {¶ 21} Kiefer responded that the purchase order from Painton and the check to Painton from Stalnaker supports a good faith contention that Painton ordered the ignitor and sold it to Stalnaker. According to Kiefer, Painton is, therefore, a seller for purposes of Ohio products liability law. Further, Kiefer argued that Painton never provided information regarding company policy on the use of purchase orders. Kiefer explained his failure to respond to letters, interrogatories or admissions as "an error in judgment[.]"
 {¶ 22} In rebuttal, Ernst said that no information on Painton company policy was provided because Kiefer never served Painton with discovery requests.
 {¶ 23} Kiefer argues on appeal that his inaction in this case does not amount to "conduct" as would satisfy the definition contained in R.C. 2323.51. This argument was not raised in the trial court. Generally, in civil cases, errors which arise during the course of the proceedings and are not brought to the attention of the trial court by objection, or otherwise, at the time they could be remedied, are waived and may not be reviewed on appeal. LeFort v. Century 21-Maitland RealtyCo. (1987), 32 Ohio St.3d 121, 123. A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. Thus, a party has waived the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below. See Van Camp v.Riley (1984), 16 Ohio App.3d 457, 463; Little Forest Med. Ctr. of Akronv. Ohio Civ. Rights Comm. (1993), 91 Ohio App.3d 76, 80; Varisco v.Varisco (1993), 91 Ohio App.3d 542, 545.
 {¶ 24} Given the testimony and the supporting evidence, we find no abuse of discretion on the part of the trial court in awarding R.C. 2323.51
sanctions to Painton, and charging them to Kiefer. The award of sanctions is supported by competent, credible evidence. Kiefer's three assignments of error are overruled.
 III. {¶ 25} Appellants' three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J., concurs.
[1] R.C. 2323.51(B)(1) is procedural and states:
"Subject to divisions (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action * * * the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section."
Compliance with this section is not at issue in this appeal.