RICHARDS ET AL., APPELLANTS, *v.*
C. SCHMIDT COMPANY ET AL.,
APPELLEES; FOAM ENTERPRISES,
INC.

(No. C-880509—Decided
September 20, 1989.)

*Harris, Bella & Burgin* and
*Ronald T. Bella,* for appellants.

*Bloom & Greene Co., L.P.A.,* and
*Nancy J. Gill,* for appellee C. Schmidt
Co.

*Larkin, Hoffman, Daly & Lindgren, Ltd.* and *Jerome H. Kahnke,* for
appellee Olin Corp.

*Wood & Lamping* and *William R.
Ellis,* for appellee Ashland Chemical
Co.

*Per Curiam.* Plaintiffs-appellants,
Dennis and Etta Richards, filed a complaint against several defendants for
injuries resulting from Dennis's exposure to hazardous chemicals in the
course of his employment. Some defendants were voluntarily dismissed from
the case. The remaining defendants, C.
Schmidt Company, Olin Corporation
and Ashland Chemical Company, filed
motions for summary judgment. The
trial court granted the motions for
summary judgment, and the plaintiffs
appealed.

Dennis was employed by C.
Schmidt Company ("Schmidt") for approximately twenty years. Schmidt
manufactures foam-insulated refrigeration boxes. For the first three years
of his employment, Dennis operated a
Jennings foam machine. Later he used
an Olin Autofroth foam machine. The
chemicals used in this machine were
supplied by Olin Corporation ("Olin").
The chemicals used to rinse this
machine were supplied by Ashland
Chemical Company ("Ashland"). Dennis also used the chemicals supplied by
Ashland to clean himself after work.
Dennis alleges injuries due to his exposure to these chemicals.

On appeal, the plaintiffs question
the trial court's granting of the defendants' motions for summary judgment.
We find that the trial court properly

granted summary judgment in favor of Olin and Ashland, but that the trial court erred in granting Schmidt's motion for summary judgment.

In their first assignment of error, the plaintiffs contend that the trial court improperly granted Olin's motion for summary judgment. We find no error.

The plaintiffs allege that the chemicals supplied by Olin did not include adequate warnings and instructions for use in the Olin Autofroth machine operated by Dennis in his employment. However, the label on the containers holding the chemicals included the following language: "WARNING: Do not breathe vapors" and "Hazardous liquid and vapor." Dennis stated that he read the labels and understood that there existed "some level of danger" in working with these chemicals. In addition, the operator's manual for the Autofroth machine provided to Dennis included a section on safety in operating the equipment containing the following instruction: "Wear an approved respirator or air-fed mask when foaming is carried out in enclosed or close quarters." Despite his belief that the fumes from the chemicals were endangering his health, the warning from the labels not to breathe the vapors, and the instructions in the manual, Dennis failed to wear a respirator while operating the Autofroth machine.

The Supreme Court of Ohio has stated that "the rule imposing obligation on the manufacturer or seller to give suitable warning of a dangerous propensity of a product is a rule fixing a standard of care, and any tort resulting from the failure to meet this duty is, in essence, a negligent act." *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 325, 4 O.O. 3d 466, 470-471, 364 N.E. 2d 267, 372-373. A plaintiff asserting a claim based on failure to provide adequate warnings must present evidence that the warning provided is inadequate. *Seley* v. *G. D. Searle & Co.* (1981), 67 Ohio St. 2d 192, 21 O.O. 3d 121, 423 N.E. 2d 831.

In the instant case, Olin provided warnings on the containers of the chemicals regarding the danger of breathing the vapors, and instructions in the operator's manual regarding the use of a mask or respirator. Dennis testified that he read the warnings and that he understood the warnings to mean that it was dangerous to breathe vapors from the chemicals. The plaintiff's own testimony fails to indicate that the warnings provided by Olin were inadequate. No evidence exists in the record to place in issue the adequacy of the warnings provided by Olin with respect to the chemicals used by Dennis.

Civ. R. 56(C) provides that summary judgment shall be rendered if there is no genuine issue as to any material fact; if the moving party is entitled to judgment as a matter of law; and if it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor. *Knitz* v. *Minster Machine Co.* (1982), 69 Ohio St. 2d 460, 23 O.O. 3d 403, 432 N.E. 2d 814, certiorari denied (1982), 459 U.S. 857. The plaintiffs have failed to present any evidence to indicate that the warnings provided by Olin were inadequate. Since Dennis read and understood the warnings, there is no genuine issue of fact remaining to be litigated, Olin is entitled to judgment as a matter of law, and no reasonable mind could reach a different conclusion.

The trial court, therefore, properly granted Olin's motion for summary

judgment. The plaintiffs' first assignment of error is without merit.

In their second assignment of error, the plaintiffs contend that the trial court improperly granted Ashland's motion for summary judgment. We disagree.

Dennis used methylene chloride, supplied by Ashland, to rinse the Autofroth machine. He also used this chemical to clean himself after work. The plaintiffs allege injuries due to Dennis's use of the chemicals to wash himself. They argue that Ashland should be held liable for their damages because Ashland failed to provide adequate warnings with their chemicals.

The original label on the drums containing the chemicals supplied by Ashland included, in bold print, the following language: "WARNING HARMFUL IF INHALED." The label further provided the following: "Use only with adequate ventilation"; "Avoid prolonged or repeated breathing of vapors"; "Avoid prolonged or repeated contact with skin"; and "Do not transfer to an unmarked container." In March 1979, a new label was placed on the drums stating, in bold print, "WARNING! VAPOR HARMFUL." The label also provided the following: "Do not breathe vapor"; "Use only with adequate ventilation"; "Avoid contact with eyes, skin and clothing"; "Wash thoroughly after handling." The label then advised the user to wear chemical safety glasses, gloves and other necessary protective equipment.

Dennis admitted that he read the warnings on the labels and that he understood them. However, he ignored the warnings and washed his hands and his face with the chemicals. Dennis testified that the chemicals burned his skin, but that he washed them with them because his coworkers did.

The record contains no evidence that the warnings provided by Ashland were inadequate. See *Seley, supra.* Instead, Dennis stated that he read and understood the warnings, but that he ignored them. Dennis improperly used the chemicals to clean himself after work even though he read the warnings cautioning against repeated contact with skin. That improper use, contrary to clear warnings, removed the existence of any genuine issue of material fact relative to the alleged failure to warn. See *Calvert Fire Ins. Co.* v. *Fyr-Fyter Sales & Service* (1979), 67 Ohio App. 2d 11, 21 O.O. 3d 332, 425 N.E. 2d 910.

The trial court properly granted Ashland's motion for summary judgment since the plaintiffs failed to present a genuine issue of material fact, Ashland was entitled to judgment as a matter of law, and no reasonable mind could reach a different conclusion. See *Knitz, supra.* The second assignment of error is, therefore, not well-taken.

In their third assignment of error, the plaintiffs contend that the trial court improperly granted Schmidt's motion for summary judgment. We agree.

Dennis worked for Schmidt for approximately twenty years. He primarily operated the Autofroth machine which involved working with the chemicals supplied by Olin and Ashland. In addition to the warnings provided on the labels and the instructions in the operator's manual, Olin and Ashland included additional information regarding the chemicals used by Schmidt. The additional information given to Schmidt included chemical safety data sheets from Olin and Ashland.

According to the plaintiffs, Schmidt failed to pass along the information in the chemical safety data sheets to its employees. Dennis testified that Schmidt encouraged him to wash himself with the chemicals

provided by Ashland. He further testified that Schmidt failed to provide protective clothing and equipment, warnings as to the dangerous propensities of the chemicals, and instructions regarding the safe use of the chemicals. Schmidt also repeatedly assured Dennis that the chemicals would not harm him.

In an action by an employee against his employer alleging an intentional tort, upon motion for summary judgment by the employer, the employee must set forth specific facts which show that there is a genuine issue of whether the employer had committed an intentional tort against his employee. *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489. To establish "intent," the employee must demonstrate the following:

"* * *(1) [K]nowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." *Id.* at paragraph five of the syllabus.

The labels on the chemicals and the material provided to Schmidt by Olin and Ashland clearly indicate that Schmidt had knowledge of the danger in using those chemicals in its business. The additional information given to Schmidt indicated that certain skin conditions and breathing problems may occur with prolonged exposure to and contact with the chemicals. Those materials also explained safety measures to be taken in certain situations. According to Dennis, this information was not relayed to the employees and the suggested safety measures were not employed. Instead, when Dennis requested certain safety equipment and improved ventilation, Schmidt informed him that they were not necessary. Schmidt also encouraged Dennis to clean himself with the chemicals in spite of the information supplied by Ashland. We find that this evidence is sufficient to raise an issue of material fact as to whether Schmidt knew that instructing its employees to work without proper ventilation and without safety equipment, and encouraging skin contact with the chemicals would, with a substantial certainty, cause the injuries from which Dennis suffers. Since a genuine issue of material fact regarding whether Schmidt committed an intentional tort against its employee, Dennis, remains to be litigated, the trial court erred in granting Schmidt's motion for summary judgment. We sustain the plaintiffs' third assignment of error.

The judgment of the trial court is affirmed with respect to the granting of summary judgment in favor of Olin and Ashland, and reversed with respect to the granting of summary judgment in favor of Schmidt. This cause is remanded for further proceedings in accordance with law.

*Judgment reversed in part, affirmed in part and remanded.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.