DINSIO, Appellant,

v.

OCCIDENTAL CHEMICAL CORPORATION et al., Appellees.

[Cite as *Dinsio v. Occidental Chem. Corp.* (1998), 126 Ohio App.3d 292.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 260.

Decided Feb. 17, 1998.

---

*Vincent M. Dinsio, Jr., pro se.*

*Timothy G. Kasparek,* for appellee Occidental Chemical Corp.

*John C. Pfau,* for appellee Superior Chemical Products Co.

GENE DONOFRIO, Presiding Judge.

Plaintiff-appellant, Vincent M. Dinsio, Jr., appeals from an order of the Mahoning County Common Pleas Court granting the motions for summary judgment of both defendant-appellees, Occidental Chemical Corporation and Superior Chemical Products Company. This appeal arose from a product liability

action brought by appellant against appellees. Appellant is proceeding *pro se* in this appeal.

Appellant purchased caustic soda beads from appellee Superior, the supplier. Appellee Superior purchased the beads from appellee Occidental, the manufacturer.

On February 14, 1993, appellant poured a cup of undiluted beads into a floor drain for the purpose of cleaning it out. An upward explosion occurred, causing bodily injury to appellant.

On February 13, 1995, appellant filed an amended complaint for product liability naming, among others, appellees as party defendants. Other defendants, not in issue in this appeal, were granted motions to dismiss.

Both appellees subsequently filed motions for summary judgment. Appellant subsequently filed his reply brief *pro se*. On November 21, 1996, the trial court granted both appellees' motions for summary judgment.

In his first assignment of error, appellant alleges:

"The trial court erred in granting summary judgment when genuine issues of material fact are present concerning the question of the adequacy or inadequacy of warning marked on defendant's product."

Appellant argues that there exists a genuine issue of material fact as to appellee Occidental's knowledge of the use of caustic soda beads to clean out floor drains and their failure to provide adequate warnings for such foreseeable use.

"The standard for granting a summary judgment motion under Civ.R. 56(C) as stated in *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274, provides:

" '[B]efore summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'

"A reviewing court, considering an appeal from summary judgment, should look at the record in the light most favorable to the party opposing the motion. *Engel v. Corrigan* (1983), 12 Ohio App.3d 34, 12 OBR 121, 465 N.E.2d 932. In reviewing a trial court's grant of summary judgment, an appellate court applies the same standard as used by the trial court. *Varisco v. Varisco* (1993), 91 Ohio App.3d 542, 632 N.E.2d 1341, paragraph four of the syllabus. The plain language of Rule 56(C) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient

to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264." *Lovejoy v. Westfield Natl. Ins. Co.* (1996), 116 Ohio App.3d 470, 473–474, 688 N.E.2d 563, 565–566.

Appellant rests his claim of inadequate warning and labeling on R.C. 2307.76(A)(1), which provides:

"[A product] is defective due to inadequate warning or instruction at the time of marketing if, when it left the control of its manufacturer, both of the following applied:

"(a) The manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages;

"(b) The manufacturer failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm."

Appellant argues that under this section of the Revised Code there exists a genuine issue of material fact. First, he contends that "under the circumstances" appellee Occidental should have known that the beads would be used to clean out floor drains. Appellant's sole support for this proposition is the World Book Dictionary's definition of "caustic soda beads." According to appellant, this definition states that one of the universally recognized uses of caustic soda beads is to clean out drains. Second, appellant urges that the warning label on the bag of beads lacked any instructions on the proper use of the product for cleaning out drains.

Appellee Occidental asserts that it is not liable for appellant's injuries because appellant failed to heed the explicit warnings and instructions on the package, thereby creating a complete defense of misuse as a matter of law. Appellee Occidental cites a similar case where chemicals were misused contrary to the warnings provided by the manufacturer. In *Richards v. C. Schmidt Co.* (1989), 54 Ohio App.3d 123, 561 N.E.2d 569, paragraph one of the syllabus, the First Appellate District Court held:

"Summary judgment in favor of the manufacturer of chemicals in a failure-to-warn case is appropriate where the user of the chemicals admits that he saw, read and understood the plain warnings provided by the manufacturer, but that he disregarded them and used the chemicals in a manner inconsistent with the warnings and instructions."

Appellee Occidental points to the warnings stated on the bag of beads and to the appellant's own admissions in his deposition to support its defense of misuse.

■ In support of its motion for summary judgment, appellee Occidental attached as an exhibit the warnings and instructions that appeared on the bag of beads. The warnings stated in part:

"DANGER!

"CAUSES SEVERE BURN TO SKIN, EYES AND MUCOUS MEMBRANES. CONTACT WITH EYES CAN CAUSE PERMANENT EYE DAMAGE. INHALATION OF DUST, MIST OR SPRAY CAN CAUSE SEVERE LUNG DAMAGE. CAN REACT VIOLENTLY WITH WATER, ACIDS, AND OTHER SUBSTANCES.

"PRECAUTIONS

"● Do not get into eyes, on skin, on clothing.

" * * *

"● When handling, wear chemical splash goggles, face shield, rubber gloves, and protective clothing.

" * * *

"Product can react violently with water, acids, and other substances—read Handling and Storage Instructions below carefully before using.

" * * *

"HANDLING AND STORAGE:

"Considerable heat is generated when product is mixed with water. Therefore, when making solutions always carefully follow these steps:

"ALWAYS wear ALL protective clothing described above. NEVER add water to product. * * * If product is added too rapidly, or without stirring, and becomes concentrated at bottom of mixing vessel, excessive heat may be generated, resulting in DANGEROUS boiling and spattering and a possible IMMEDIATE AND VIOLENT ERUPTION of highly caustic solution."

In his deposition, appellant admitted that he did read the warnings on the bag when he initially purchased the product from appellee Superior. It is further uncontested that appellant poured a cup of the undiluted beads into a floor drain at his restaurant. Without wearing any protective clothing, appellant returned to attend to the drain when a liquid exploded out of the drain, causing him bodily injury.

■ Appellant does not address the possibility of any liability on the part of appellee Superior for inadequate warning. In any event, appellee Superior

argues that the trial court properly granted summary judgment as to this matter when there exists no set of facts to establish supplier liability under R.C. 2307.78. Appellee Superior asserts that it made no representations to appellant that the beads could be used to clean out drains. Appellee Superior also asserts that it was not in any way negligent because it did not alter the product. Appellee Superior also makes the same misuse argument that appellee Occidental does.

Appellant's first assignment of error is without merit as to both appellees. Both appellees supported their respective motions for summary judgment with facts and information. The appellant's admissions in his deposition that he had read the warning, coupled with the warnings from the bag itself, were sufficient to grant summary judgment. See *Richards*, 54 Ohio App.3d 123, 561 N.E.2d 569.

Appellant's first assignment of error is without merit.

In his second assignment of error, appellant alleges:

"This court erred in granting summary judgment when there exists in this case a genuine question of implied warrenty [*sic*] of fitness of use."

Appellant argues that a product may be proven to be in a defective condition if it is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, citing *State Farm Fire & Cas. Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 6, 523 N.E.2d 489, 493–494. Appellant, who claims that the World Book Dictionary states that caustic soda is used for cleaning drains, argues that a genuine issue of material fact exists as to whether the product was used in its intended or at least a foreseeable manner. Appellant goes on to argue, however, that both appellees were negligent due to their alleged failure to give adequate warnings for the use of the product to clean out drains. In this regard, appellant's second assignment of error mirrors his first, which was found to be without merit.

To address appellant's contention that the product was unsafe for use in its intended manner, we turn to *State Farm Fire & Cas., supra,* which held:

"The history of strict products liability in Ohio was recently reviewed in *Bowling v. Heil Co., supra* [31 Ohio St.3d], at 279–282, 31 OBR at 561–563, 511 N.E.2d at 375–377. Related to the adoption of Section 402A of the Restatement of the Law 2d, Torts (1965), was the recognition that product defects may be proven by applying a consumer-expectation standard. *Temple v. Wean United, Inc.* [50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267], *supra.* Applicable to both manufacturing and design defects, this standard now states that a product may be proven to be in a defective condition if it is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner." *Id.,* 37 Ohio St.3d at 6, 523 N.E.2d at 494.

■ Based on the unambiguous language of the warning label, see *supra*, an "ordinary consumer" would expect the product to do exactly what it did when mixed with water: react violently. Furthermore, based on the warning that this product "[c]an react violently with water," it cannot be said that the product was used in an intended or in a reasonably foreseeable manner.

Appellant's second assignment of error is found to be without merit.

In his third assignment of error, appellant alleges:

"The trial judge erred in granting summary judgment in holding plaintiff-appellant solely responsible for his injuries."

Appellant argues that foreseeable misuse and foreseeable alteration do not defeat liability. See *Welch Sand & Gravel, Inc. v. O&K Trojan, Inc.* (1995), 107 Ohio App.3d 218, 668 N.E.2d 529. Again, appellant argues that it was a foreseeable use of caustic soda beads to clean out floor drains and that any misuse by him was because of a lack of information on how to use them for that purpose.

Appellant's argument in his third assignment of error mirrors his arguments in his first and second assignments of error. Furthermore, appellant cites no legal or factual support for his contentions.

For the same reasons set forth in appellant's first and second assignments of error, appellant's third assignment of error is found to be without merit.

In sum, both appellees made a more than adequate showing for a grant of summary judgment. Both appellees, in their motions for summary judgment, informed the trial court of the basis for the motion and identified those portions of the record that demonstrated the absence of a genuine issue of material fact on essential elements of the appellant's claims. Both appellees highlighted appellant's own admissions in his deposition and the clear adequate warnings and instructions contained on the bag of beads. Appellant points to no such evidence that would support his contentions. Simply put, had he followed the instructions and adhered to the warnings that appeared on the bag, this unfortunate accident would have never occurred. While the instructions and warnings that appeared on the bag did not specifically delineate how to use the product to clean drains, they were more than adequate to cover a situation under which one would choose to use the product in such a manner.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

Cox and Vukovich, JJ., concur.