[Cite as *Fry v. Hanni*, 2014-Ohio-2346.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID FRY, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 13 MA 99 |
| V. | ) | |
| | ) | OPINION |
| HEIDI HANNI, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:   Civil Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 2011CV97

JUDGMENT:   Affirmed

APPEARANCES:
For Plaintiff-Appellant   David Lee Fry, Pro-se
25 South Evanston
Youngstown, Ohio 44509

For Defendant-Appellee   Attorney Julian T. Emerson
Attorney Courtney Trimacco
Attorney Holly Marie Wilson
101 W. Prospect Ave., Suite 1400
Cleveland, Ohio 44115

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: May 29, 2014

DONOFRIO, J.

{¶1} Plaintiff-appellant David Fry appeals a decision of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant-appellee Atty. Heidi Hanni on his claim for legal malpractice.

{¶2} Fry's legal malpractice claim against Atty. Hanni arises from her representation of him during a portion of criminal proceedings involving him as a criminal defendant. Her representation of him in that matter led to him filing a grievance against her with the Mahoning County Bar Association's certified grievance committee which, in turn, gave rise to disciplinary proceedings before the Ohio Supreme Court. In its decision on the matter, the Court set forth stipulated facts which are the same as those giving rise to Fry's present legal malpractice claim against Atty. Hanni. *Mahoning Cnty. Bar Assn. v. Hanni*, 127 Ohio St. 3d 367, 2010-Ohio-5771, 939 N.E.2d 1226. Those facts are set forth hereafter nearly verbatim.

{¶3} In July 2004, Fry struck and killed a pedestrian. Fry left the scene of the fatal accident and was subsequently charged with aggravated vehicular homicide, a felony of the second degree.

{¶4} In February 2007, Fry executed a written plea of guilty pursuant to Crim.R. 11(F). In the plea agreement, Fry stated that he intended to withdraw his former plea of not guilty and enter a plea of guilty to vehicular homicide, a felony of the third degree. The plea agreement stipulated that a term in prison was not mandatory and that a prison term was not presumed to be necessary. However, Fry recognized that sentencing is a matter within the discretion of the court and that any agreement between counsel for the state and his attorney was merely a recommendation. This plea agreement was filed with the court on March 6, 2007. At that time, Fry was represented by counsel other than Atty. Hanni.

{¶5} Thereafter, Fry appeared with his original counsel and the assistant prosecuting attorney before the trial judge. The judge accepted Fry's plea of guilty to the amended charge and ordered that a presentence investigation be prepared. The sentencing hearing was scheduled for April 26, 2007.

{¶6} In the interim, Fry changed his retained counsel. He entered into a written fee agreement with Atty. Hanni on March 23, 2007. In the fee agreement, Fry

agreed "to pay a retainer fee of $5,000.00 which will be received by [Atty. Hanni] prior to services being rendered." By its terms, the fee agreement did not include legal services for postjudgment matters, perfecting an appeal, or representing Fry if an appeal was perfected by an adverse party.

{¶7} Fry paid respondent $2,500 towards the $5,000 fee. After reviewing the procedural posture of the matter, Atty. Hanni advised Fry that it would be "next to impossible" to vacate his plea this late in the proceeding. As a result, Atty. Hanni agreed to accept only $2,500, with the remainder of the fee due only if the court allowed Fry to withdraw his plea.

{¶8} Prior to the sentencing hearing, Atty. Hanni orally advised the judge that Fry wanted to withdraw his plea of guilty. The judge stated that the plea agreement reached between the state and Fry was fair and equitable and that Fry's prior counsel had worked hard to reach the agreement. The judge indicated that he would not grant the request to withdraw the plea.

{¶9} Apparently relying upon this discussion with the judge, Atty. Hanni never filed a written motion to withdraw the plea. Nor did she request to withdraw the plea at the sentencing hearing. Proceeding with sentencing, the judge found that a prison term was required and sentenced Fry to four years. Atty. Hanni did not file any postsentencing motions on behalf of Fry.

{¶10} The parties to the disciplinary proceedings stipulated that under Ohio law, a motion to withdraw a plea prior to sentencing should be freely and liberally granted by the trial court and that if such a motion is filed, the judge is required to conduct a hearing to determine whether there are reasonable and legitimate grounds for the motion. Consequently, Atty. Hanni's failure to request the transcript of Fry's change-of-plea hearing following the plea agreement may have hindered her ability to determine whether the plea was entered knowingly and voluntarily.

{¶11} Thereafter, Fry, acting pro se, filed several motions with the trial court. In these motions, he generally requested to withdraw or change his plea and vacate his sentence. He also asserted that he had retained Atty. Hanni to withdraw the plea agreement because he had been confused when he entered the negotiated plea and

did not understand the agreement because he was mentally ill. All of these motions were overruled by the trial court. An appeal from these judgments was dismissed.

**{¶12}** The investigation by the Mahoning County Bar Association's certified grievance committee determined that the $2,500 Atty. Hanni charged for withdrawing a plea was not in violation of the Ohio Rules of Professional Conduct. Her attorney is holding in escrow the $2,500 paid by Fry to Atty. Hanni, and she has agreed to return the money to Fry.

**{¶13}** For this instance of misconduct and another involving her making unfounded allegations of misconduct against the Mahoning County Prosecutor and another attorney, the Court suspended Atty. Hanni from the practice of law for a period of six months with the entire six months stayed on the condition that she commit no further misconduct.

**{¶14}** Two and half years after filing the grievance, Fry, proceeding pro se, filed the present legal malpractice claim against Atty. Hanni in Mahoning County Common Pleas Court on January 11, 2011. He alleged that Atty. Hanni's representation of him fell below the recognized standard of care by her failure to make any motion to withdraw his guilty plea.

**{¶15}** On May 1, 2013, Atty. Hanni filed a motion for summary judgment arguing that Fry's legal malpractice claim was barred by the applicable one-year statute of limitations. Fry never sought leave or filed a memorandum in opposition and, on May 28, 2013, the trial court granted judgment in favor of Atty. Hanni concluding that Fry's claim was barred by the statute of limitations. This appeal followed.

**{¶16}** Fry is still proceeding pro se on appeal. His appellate brief does not comply with the Ohio Rules of Appellate Procedure. App.R. 9(B); App.R. 16(A). He does not cite any Ohio law. Instead, he references some federal rules and a family law handbook, none of which appear to bear any relevance to this appeal. He also does not present any assignment of error. Nonetheless, given that this involves an appeal from summary judgment, this court can proceed to review the record anew, applying the same standard as used by the trial court in reviewing the grant of

summary judgment. *Dinsio v. Occidental Chem. Corp.*, 126 Ohio App.3d 292, 710 N.E.2d 326 (7th Dist.1998), citing *Varisco v. Varisco*, 91 Ohio App.3d 542, 545, 632 N.E.2d 1341 (9th Dist.1993).

{¶17} Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1976); Civ.R. 56(C).

{¶18} Of particular relevance to this appeal, Civ.R. 56(E), provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶19} The situation presented by this case is very similar to the one presented to this court in *Sky Bank v. Hill*, 7th Dist. No. 03 MA 114, 2004-Ohio-3046. *Hill* too involved a pro se litigant who failed to respond to a summary judgment motion. This court first pointed out that "[a]lthough courts usually make certain allowances for pro se litigants, they are ultimately held to the same standards of conduct and are presumed to have the same knowledge of the law as litigants who are represented by counsel." *Id.* at ¶ 9, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996) and *Meyers v. First Natl. Bank*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981).

{¶20} In response to appellant's failure to respond to a summary judgment motion filed by the opposing party, this court went on to observe:

It is evident from the record that Appellants fell far short of their burden in this matter. At no point did Appellants offer any real response to the motion for summary judgment. Appellants were required, to avoid summary judgment, to raise a question of fact in this matter. They never responded in any way to the request. Even if we construe their motion for dismissal as some kind of responsive filing, Appellants were absolutely required to present some evidence (affidavits, interrogatories, etc.) which cast doubt on the evidence introduced by Appellee. The rambling arguments of Appellants' themselves is wholly insufficient. Thus, the trial court was left with no choice, having no other evidence before it than that offered by Appellee, to grant Appellee's motion for summary judgment.

*Id.* at ¶ 12.

**{¶21}** Therefore, like in *Hill*, based on Fry's failure to respond to Atty. Hanni's motion for summary judgment, the trial court was left with no choice, having no other evidence before it than that offered by Atty. Hanni, but to grant her motion for summary judgment.

**{¶22}** As already indicated, if the nonmovant does not respond to the motion, summary judgment, *if appropriate*, shall be entered against the party. Civ.R. 56(E). In other words, despite the nonmovant's failure to respond to the summary judgment motion, summary judgment must still be otherwise appropriate in order for the trial court to grant the motion. And, here, summary judgment was appropriate.

**{¶23}** The statute of limitations for the filing of a legal malpractice claim is one year. R.C. 2305.11(A). "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against his attorney or when the attorney client relationship for that particular transaction terminates, whichever occurs later." *Zimmie v. Calfee, Halter &*

*Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398 (1989), syllabus, citing *Omni-Food and Fashion, Inc. v. Smith*, 38 Ohio St.3d 385, 528 N.E.2d 941 (1988).

{¶24} The above test gives two dates to look for when determining when the statute of limitations begins to run. The first one is the date of the cognizable event. The second is the date of when the attorney-client relationship terminates. Whichever of those two dates is later, then the complaint for legal malpractice must be filed within one year of that date.

{¶25} A "cognizable event" is an event that puts a reasonable person on notice that "a questionable legal practice may have occurred." *Cook v. Caruso,* 6th Dist. No. L-05-1208, 2006-Ohio-1982, ¶ 14, citing *Zimmie,* 43 Ohio St.3d at 58, 538 N.E.2d 398. However, an injured person does not need to "be aware of the full extent of the injury before there is a cognizable event." *Cook,* 2006-Ohio-1982 at ¶ 14, citing *Zimmie,* 43 Ohio St.3d 54. Rather, it is enough that some noteworthy event, i.e. the cognizable event, has occurred which does or should have alerted a reasonable person that his attorney may have committed legal malpractice. *Cook,* 2006-Ohio-1982 at ¶ 4, citing *Zimmie,* 43 Ohio St.3d at 58, 538 N.E.2d 398. "Knowledge of a potential problem starts the statute to run, even when one does not know all the details." *Halliwell v. Bruner* (Dec. 14, 2000), 8th Dist. Nos. 76933, 77487. "Consulting with an attorney itself indicates a cognizable event." *Id.*

{¶26} From the attachments to Atty. Hanni's motion for summary judgment, it is clear that as early as May 21, 2007, Fry was aware that Atty. Hanni had not filed a motion to withdraw his plea as that is when he filed his own motion to withdraw his plea. Another unmistakable cognizable event occurred when Fry filed his grievance against Atty. Hanni with the Mahoning County Bar Association on July 1, 2008.

{¶27} Therefore, given that the complaint for legal malpractice was filed in January 2011, it was not filed within one year of the cognizable event. However, that does not necessarily mean that the statute of limitations had expired. As explained above, *Zimmie* states that the statute of limitations expires one year from the date of the cognizable event or one year from when the attorney client relationship for that particular transaction terminates, whichever one occurs later. Thus the analysis turns

to when the attorney-client relationship terminated.

**{¶28}** In this instance, Fry and Atty. Hanni's attorney-client relationship ended following the sentencing hearing held on April 26, 2007. By its terms, the fee agreement did not include legal services for postjudgment matters, perfecting an appeal, or representing Fry if an appeal was perfected by an adverse party.

**{¶29}** The time span for the termination of the attorney-client relationship occurred before the cognizable event. Thus, for statute of limitations purposes in this case, we use the date of the cognizable event to determine if the complaint was filed within the statute of limitations.

**{¶30}** The cognizable event in this case occurred at the latest on July 1, 2008, when Fry filed his grievance against Atty. Hanni. The complaint for legal malpractice was filed on January 11, 2011. This is clearly not within one year of the cognizable event.

**{¶31}** In sum, the trial court properly entered summary judgment in Atty. Hanni's favor where, after construing the evidence most strongly in Fry's favor, there was no genuine issue as to any material fact, Atty. Hanni was entitled to judgment on Fry's complaint as a matter of law, and reasonable minds could come to but one conclusion, and that conclusion was adverse to Fry.

**{¶32}** The judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.