[Cite as *Jones v. W. Reserve Transit Auth.*, 2014-Ohio-2591.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PAUL L. JONES, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 13 MA 41 |
| V. | ) | |
| | ) | OPINION |
| WESTERN RESERVE TRANSIT | ) | |
| AUTHORITY, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 12CV841

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellant     Attorney David C. Fox
Attorney Mark Hanni
839 Southwestern Run
Youngstown, Ohio 44514

For Defendant-Appellee     Attorney Karen D. Adinolfi
Western Reserve Transit Authority     222 South Main Street
Akron, Ohio 44308

For Defendant-Appellee     Attorney Brian D. Sullivan
Moore Counseling and Mediation     Attorney Brian T. Gannon
Services     101 West Prospect Ave. Suite 1400
Cleveland, Ohio 44115-1093

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: June 12, 2014

[Cite as *Jones v. W. Reserve Transit Auth.*, 2014-Ohio-2591.]
DONOFRIO, J.

{¶1}     Plaintiff-appellant Paul L. Jones appeals a decision of the Mahoning County Common Pleas Court awarding summary judgment in favor of defendants-appellees Western Reserve Transit Authority and Moore Counseling and Mediation Services on his claims for negligence and breach of contract.

{¶2}     On April 25, 2008, while in the course and scope of his employment as a bus driver for WRTA, Jones attempted to make a stop at a grocery store, but the bus stop area was blocked by another vehicle. Jones and the driver of the other vehicle ended up in a verbal altercation and the grocery store later notified WRTA that Jones was banned from its property.

{¶3}     In lieu of termination, Jones was offered WRTA's Employment Assistance Program (EAP). Jones was referred to Moore Counseling, the company WRTA had contracted with to administer its EAP. Jones was required to attend and complete a course of anger management. He was notified that his failure to complete the program would result in the termination of his employment. Initially, he attended the sessions as required but then missed one in July 2008. Efforts made by Moore Counseling to contact Jones proved unsuccessful and Moore Counseling notified WRTA of Jones's noncompliance with the EAP. WRTA suspended Jones, held a disciplinary hearing, and terminated his employment.

{¶4}     On September 19, 2009, Jones sued WRTA for federal disability discrimination, federal and state racial discrimination, wrongful termination, and retaliation pursuant to 42 U.S.C. 1981. WRTA answered, detailing the series of events leading to Jones's termination, including his noncompliance with the EAP. On October 29, 2009, Jones dropped the wrongful termination claim and clarified his disability discrimination claim.

{¶5}     In January of 2010, Jones filed a motion to amend his first amended complaint, alleging that he received information that the counseling program's third-party administrator, Moore Counseling, was "inextricably complicit in" his termination, which somehow gave rise to a breach of a fiduciary duty owed to Jones. Jones additionally alleged state-law contract and negligence claims, arising from the

contract that Jones signed with WRTA to begin his counseling program. Three days later, Jones withdrew that motion, and the day after that, filed another motion to amend his complaint to remove federal claims, or, in the alternative, to dismiss the complaint without prejudice. The district court denied both motions, reasoning:

> Jones repeatedly claims that he is justified in amending the complaint because the amendment is supported by facts that were "recently discovered." In support, Jones claims that he became aware of these facts on January 14, 2010, when he received answers to interrogatories. However, the sole fact relied upon by Jones consists of WRTA informing Jones that it received confirmation from Moore Counseling that Jones had failed to complete his mandatory anger management therapy. Contrary to Jones' contentions, this fact was openly discussed during the Court's case management conference. WRTA's counsel made it clear to the court and Jones that his termination was the result of his unsuccessful completion of the anger management therapy. That conference took place on November 9, 2009. Jones' contention that he only learned of this fact in January [2010], therefore, is severely undermined.

{¶6} The federal court then granted WRTA's subsequent motion for summary judgment. The court found that Jones neither suffered from a disability nor was regarded as suffering from a disability, that Jones could not show evidence indicating that WRTA's reason for his termination was pretextual, and that Jones could not show any evidence of retaliation. Jones appealed to the Sixth Circuit Court of Appeals, arguing, in part, that the court's earlier denial of his motion to amend his complaint or dismiss it without prejudice was an abuse of discretion.

{¶7} Meanwhile, Jones sued WRTA and Moore Counseling in Mahoning County Common Pleas Court on August 16, 2010 (Case No. 2010-CV-03148), asserting claims for breach of contract, civil conspiracy, and negligence. WRTA filed

a motion for summary judgment based on res judicata or, in the alternative, a motion to dismiss. Subsequently, Jones voluntarily dismissed WRTA, then later Moore Counseling also.

**{¶8}** On January 13, 2012, the Sixth Circuit Court of Appeals affirmed the district court's decision.

**{¶9}** On March 20, 2012, Jones filed the present action against WRTA and Moore Counseling alleging breach of contract and negligence. On May 22, 2012, Jones filed a motion for summary judgment based on res judicata or, in the alternative, a motion to dismiss. Moore Counseling filed a motion for summary judgment on September 5, 2012. Jones responded to both motions, but without any Civ.R. 56 material in support. On March 14, 2014, the trial court granted summary judgment in favor of WRTA and Moore Counseling and dismissed Jones's case. This appeal followed.

**{¶10}** Jones raises two assignments of error. But before addressing those assignments of error, an issue concerning Jones's appellate brief must first be addressed. In his appellate brief, Jones's appellate counsel continually refers to and relies heavily upon an affidavit apparently made by Jones. That affidavit was not part of the summary judgment proceedings below. In fact, Jones's memorandum in opposition to WRTA's and Moore Counseling's summary judgment motions never references any affidavit and no materials were attached in support of the memorandum.

**{¶11}** "While we review the record *de novo* and apply the same standard used by the trial court in reviewing the grant of summary judgment, *Dinsio v. Occidental Chem. Corp.* (1998), 126 Ohio App.3d 292, 710 N.E.2d 326, citing *Varisco v. Varisco* (1993), 91 Ohio App.3d 542, 545, 632 N.E.2d 1341, 1342-1343, appellate review is limited to the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion. *Christe v. GMS Mgt. Co.* (1997), 124 Ohio App.3d 84, 88, 705 N.E.2d 691, 693, quoting *Am. Energy Servs., Inc. v. Lekan* (1992), 75 Ohio App.3d 205, 208, 598 N.E.2d 1315, 1317." *Rose v. Natl. Mut.*

*Ins. Co.*, 134 Ohio App.3d 229, 238, 730 N.E.2d 1014 (7th Dist.1999). Therefore, this court cannot consider the new materials referenced in Jones's appellate brief in determining whether the court erred in granting summary judgment.

{¶12} Jones's first assignment of error states:

> THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING DEFENDANTS-APPELLEES MOTIONS FOR SUMMARY JUDGMENT ON THE BASIS OF *RES JUDICATA*.

{¶13} As indicated, an appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1976); Civ.R. 56(C).

{¶14} Given the lack of any materials attached to Jones's memorandums in opposition to WRTA's and Moore Counseling's summary judgment motions, it is important to highlight that Ohio's Rule of Civil Procedure governing summary judgment specifically requires:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

Civ.R. 56(E).

{¶15} Jones argues that res judicata does not bar his claims in the present action. More specifically, Jones argues that claim preclusion does not apply because the claims being asserted in the present action do not arise from the same transaction or occurrence that precipitated the causes of action that he asserted in his prior lawsuits. He maintains that his federal lawsuit dealt only with whether he was discriminated against on the basis of his race and not whether WRTA had intentionally or negligently breached the EAP agreement.

{¶16} In support, Jones cites *Truax v. Em Industries, Inc.*, 107 Ohio App.3d 210, 668 N.E.2d 524 (1st Dist.1995). However, Jones's reliance on *Truax* is misplaced. In *Truax*, the First District held that an arbitrator's finding of just cause for the termination of an employee does not preclude that employee from bringing a subsequent suit claiming retaliation for having filed for workers' compensation. *Truax*'s holding is limited to cases involving arbitration. In analyzing *Truax* and other cases like it, this court has observed:

> [B]y determining that an arbitrator's decision will be binding on all other tribunals, we would be placing the power of a judge into the hands of an arbitrator. The United States Supreme Court and the Ohio Supreme Court have unequivocally held the duty of an arbitrator is limited to assessing contractual rights under a collective bargaining agreement. Thus, the determination as to whether or not [a plaintiff] was retaliated against for filing a workers' compensation claim would be outside the scope of the arbitrators duties.

*Felger v. Tubetech, Inc.*, 7th Dist. No. 2000 CO 23, 2002 WL 417903, *8 (Mar. 15, 2002).

{¶17} The doctrine of res judicata consists of two related concepts: claim preclusion (formerly called res judicata) and issue preclusion (formerly called collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). The doctrine of claim preclusion provides that a valid, final judgment rendered

upon the merits bars all subsequent actions between the parties or their privies based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action. *Ft. Frye Teachers Assn. v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). Thus, claim preclusion generally disallows relitigation of a cause of action that was or could have been litigated in the prior action. *Grava* at 382 (defining transaction as common nucleus of operative facts). The doctrine applies in a proper case as between federal court and state court judgments. *Leonard v. Bank One Youngstown, Ohio*, 7th Dist. No. 96-C.A.-42, 1997 WL 816538, *3 (Dec. 24, 1997), citing *Rogers v. Whitehall*, 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986).

**{¶18}** In this case, Jones's state-law claims for breach of contract and negligence each arise out of the same acts that formed the basis of his federal-law claims of discrimination. To illustrate, Jones's federal complaint read, in pertinent part, as follows:

> 9. On April 25, 2008 Plaintiff was sent home pending an investigation of an incident occurring while on his scheduled route[.]
>
> 10. On May 9, 2008, Plaintiff was contacted by a supervisor of Defendant that he was suspended without pay and required to seek medical attention for what the Defendant perceived as a medically treatable emotional problem[.]
>
> 11. Plaintiff complied with the requirements as set forth by the Defendant and attended anger management treatment.
>
> 12. Plaintiff received a return to work authorization from the Counselor and returned to work believing that he was in compliance with the requirements of his employer[.]
>
> 13. On August 2, 2008 Plaintiff was terminated by the Defendant allegedly for failure to comply with the terms of his treatment[.]

**{¶19}** His complaint in the present action sets forth substantially similar

underlying operative facts:

6. On or about April 25, 2008, Plaintiff, while operating a WRTA bus became involved in verbal altercation with an individual at the Giant Eagle grocery store on Belmont Avenue, in the city of Youngstown, OH[.]

7. As a result of the above described incident, WRTA instituted disciplinary proceedings against Plaintiff.

8. In lieu of terminating Plaintiff. WRTA offered Plaintiff a last chance agreement that would allow Plaintiff to keep his job provided he met certain conditions. A copy of the last chance agreement is not attached hereto because either originals or copies thereof are in the possession of the defendants.

9. Specifically, the last chance agreement required Plaintiff to complete an anger management assessment.

* * *

13. Plaintiff completed the anger management assessment on or about May 22, 2008 and was cleared to return to work at WRTA in his previous position as a bus driver.

18. On or about August 25, 2008, Plaintiff was notified that he was being terminated immediately for Plaintiff's alleged failure to honor the terms of the last chance agreement.

**{¶20}** Jones's state and federal actions share what the Ohio Supreme Court referred to in *Grava* as a common nucleus of operative facts. Because Jones's state and federal actions share a common nucleus of operative facts, the fact that they advance different legal theories does not circumvent the application of *res judicata*. In *Grava*, the Court noted:

"That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. *This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts*, or would call for different measures of liability or different kinds of relief."

(Emphasis added.) *Grava*, 73 Ohio St.3d at 382-383, 653 N.E.2d 226, quoting 1 Restatement of the Law 2d, Judgments (1982), comment c to Section 24, at 200.

**{¶21}** Additionally, Jones's breach of contract and negligence claims logically would be subject to proof by the very same evidence that he offered in support of his federal-law discrimination claim. Moreover, Jones knew that these were claims that could and should have been litigated in the federal case as evidenced by him filing a motion in his federal case to add alleged state-law contract and negligence claims, arising from the contract that Jones signed with WRTA to begin his counseling program. For reasons unknown, Jones withdrew that motion three days later.

**{¶22}** Accordingly, Jones's first assignment of error is without merit.

**{¶23}** Jones's second assignment of error states:

THE TRIAL COURT ERRED BY FINDING THAT DEFENDANT-APPELLEE MOORE COUNSELING WAS IN PRIVITY WITH DEFENDANT-APPELLEE WRTA IN GRANTING MOORE COUNSELING'S MOTION FOR SUMMARY JUDGMENT.

**{¶24}** Under this assignment of error, directed solely to Moore Counseling, Jones argues that Moore Counseling would not have been bound by an unfavorable result in the federal case and, therefore, was not in privity with WRTA. Moore Counseling argues that it was in privity with WRTA and, therefore, res judicata precludes relitigation of Jones's claims.

**{¶25}** Both claim and issue preclusion contain the element of mutuality of

parties. This previously meant that claim preclusion and issue preclusion could only be used where both parties would be mutually estopped by the judgment. The doctrine of mutuality extends not only to identical parties but also those in privity with a prior party. Privity was the start of the relaxation of the mutuality rule. Many courts around the country have since eliminated the mutuality requirement entirely, allowing a stranger to use the doctrine to bar a prior party in many circumstances. *See Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 196, 443 N.E.2d 978 (1983).

**{¶26}** Rather than totally abolish the requirement of mutuality, Ohio has greatly broadened its definition of privity. *Kirkhart v. Keiper,* 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8. *See also Hicks v. De La Cruz*, 52 Ohio St.2d 71, 369 N.E.2d 776 (1977). Ohio requirements are not so strict as to require a contractual, beneficiary, or successive relationship. *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000). Mere "mutuality of interest," including an identity of a desired result, can create privity. *Id.*

**{¶27}** Concerning Jones's federal lawsuit, Moore Counseling clearly was in privity with WRTA. Jones agreed to complete WRTA's EAP in lieu of termination. WRTA had contracted with Moore Counseling to administer its EAP. However, Jones later fell into noncompliance with the EAP. Jones's noncompliance with the EAP, as administered by Moore Counseling, lead directly to his termination by WRTA. Moreover, and as with his claims against WRTA, Jones was aware that he could have or should have brought these claims against Moore Counseling in the federal case. As indicated, he alleged in the federal action that Moore Counseling was "inextricably complicit in" his termination.

**{¶28}** Accordingly, Jones's second assignment of error is without merit.

**{¶29}** In sum, the trial court properly entered summary judgment in WRTA's and Moore Counseling's favor where, after construing the evidence most strongly in Jones's favor, there was no genuine issue as to any material fact, WRTA and Moore Counseling were entitled to judgment on Jones's complaint as a matter of law, and

reasonable minds could come to but one conclusion, and that conclusion was adverse to Jones.

**{¶30}** The judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.